UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| Grand Juror Doe, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   No.   4:15-cv-00006 |
| | ) |
| Robert P. McCulloch, in his official capacity | ) |
|     as Prosecuting Attorney for St. Louis | ) |
|     County, Missouri, | ) |
| | ) |
|     Defendant. | ) |

**Complaint for Prospective Relief**

*Introduction*

1. In this civil rights action under 42 U.S.C. § 1983, Plaintiff, Grand Juror Doe,[1] seeks declaratory judgment that Missouri laws criminalizing speech by Doe, about Doe's experiences as a state grand juror for the investigation of the matter known as *State of Missouri v. Darren Wilson*, are unconstitutional as-applied. Doe also seeks preliminary and permanent injunctive relief enjoining Defendant, Robert P. McCulloch, the official charged with enforcement of the challenged laws, from taking any action to enforce the challenged laws against Doe.

2. Although there is a long tradition of grand jury secrecy, the Supreme Court has "recognized that the invocation of grand jury interests is not 'some talisman that dissolves all constitutional protections.'" *Butterworth v. Smith*, 494 U.S. 624, 630 (1990) (quoting *United States v. Dionisio*, 410 U.S. 1, 11 (1973)). Thus, when

---

[1]     Grand Juror Doe is a pseudonym. A motion for leave to proceed under a pseudonym is filed with this Complaint.

faced with a First Amendment challenge to grand jury secrecy rules, the Court determined that it "must thus balance [the] asserted First Amendment rights against [the state]'s interests in preserving the confidentiality of its grand jury proceedings." *Id.* Under the particular circumstances of this case, permitting Defendant to prosecute Plaintiff for speaking about Plaintiff's perspective on the grand jury proceedings in *State of Missouri v. Darren Wilson* does not advance the interests served by the confidentiality of grand jury proceedings and, further, defeats the interests secured by the First Amendment.

### *Jurisdiction and Venue*

3. This action arises under the Constitution of the United States and the provisions of 42 U.S.C. § 1983.

4. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343(a).

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in St. Louis County, Missouri.

6. Venue is proper in the Eastern Division pursuant to E.D. Mo. L.R. 2.07(A)(1).

### *Parties*

7. Plaintiff is a resident of St. Louis County, Missouri.

8. Defendant is the Prosecuting Attorney for St. Louis County, Missouri. As Prosecuting Attorney, Defendant is charged with enforcement of the statutes challenged here, as-applied, and is the individual responsible for initiating prosecutions for any violation of those statutes. He is named as a defendant in his official capacity only.

9. As relevant to this Complaint, Defendant acts under color of state law.

*Facts*

10. Plaintiff began serving as a grand juror in the circuit court for St. Louis County in May 2014, for a term originally scheduled to end on September 10, 2014.

11. Several weeks prior to the scheduled end of Plaintiff's service as a grand juror, that service was extended to no later than January 2015.

12. The purpose of extending Plaintiff's service was to have the grand jury investigate Darren Wilson, a former police officer of the City of Ferguson, who on August 9, 2014, while still working as a police officer, shot and killed Michael Brown, an unarmed teenager.

13. Defendant is the government official with the authority to initiate a criminal prosecution of Wilson for his actions and omissions related to the events of August 9, 2014.

14. Defendant decided to delegate to the grand jury the decision about whether there was probable cause to believe that Wilson violated any state criminal laws.

15. Defendant was responsible for deciding what evidence would be presented to the grand jury, what evidence would be withheld, how evidence would be presented, and what the State's counsel to the grand jury would be.

16. Defendant promised the grand jurors and the public that the grand jury investigation would be transparent.

17. Defendant told the grand jurors, "If your determination is that there are no charges to be filed, then everything will be released immediately or as close to immediately as we can get, and that's everything. Your deliberations aren't, as I said, your deliberations are not recorded and never will be recorded, notes won't be released, but every bit of evidence

that you have, the testimony of the witnesses who come in, the statements of the witnesses, the physical evidence, the photographs, everything that you have seen and heard will be released to the public. That is as transparent as we can get short of putting a pool TV camera in here and that's not going to happen."

18. Once before, in the investigation of a June 12, 2000, police shooting, Defendant had promised transparency and to release all evidence presented.

19. From Plaintiff's perspective, the presentation of evidence to the grand jury investigating Wilson differed markedly and in significant ways from how evidence was presented in the hundreds of matters presented to the grand jury earlier in its term.

20. From Plaintiff's perspective, the State's counsel to the grand jury investigating Wilson differed markedly and in significant ways from the State's counsel to the grand jury in the hundreds of matters presented to the grand jury earlier in its term.

21. From Plaintiff's perspective, the investigation of Wilson had a stronger focus on the victim than in other cases presented to the grand jury.

22. From Plaintiff's perspective, the presentation of the law to which the grand jurors were to apply the facts was made in a muddled and untimely manner compared to the presentation of the law in other cases presented to the grand jury.

23. In Missouri, an indictment is returned only when at least nine out of twelve grand jurors concur in finding that an indictment should issue. Mo. Rev. Stat. § 540.260.

24. The decision of a grand jury to return no true bill of indictment means that as few as four out of twelve grand jurors did not concur in finding that an indictment should issue. *Id*.

25. None of the charges presented to the grand jury investigating Wilson resulted in an indictment.

26.   On November 24, 2014, Plaintiff was discharged from grand jury service.

27.   Defendant has announced that no future grand jury will be convened to further investigate Darren Wilson's killing of Michael Brown.

28.   Plaintiff and other grand jurors were provided a copy of three Missouri statutes at the conclusion of their service. A true and correct copy of the papers handed to Plaintiff is attached as Exhibit A.

29.   Immediately after the grand jurors were discharged, Defendant gave a lengthy oral statement about the grand jury's investigation of Wilson to the public at a press conference. A transcription of the statement is attached as Exhibit B.

30.   Defendant publicly released some evidence presented to the grand jury, including transcripts, reports, interviews, and forensic evidence. A copy of the documents made public by Defendant is filed herewith as Exhibit C.[2]

31.   Defendant contends that the records of the criminal investigation that are created or retained by his office are subject to disclosure under Missouri's Sunshine Law. Those records include the transcribed testimony before the grand jury, photographs, investigative and other reports, and video and audio recordings. Defendant set forth his view of the Missouri Sunshine Law in a Memorandum in Support of Motion for Public Disclosure of Materials Considered by the Grand Jury, which was filed in *In the Matter of the Grand Jury Investigation of the Incident of 8/9/2014*, docketed as cause number 14SL-MC15812 in the Circuit Court of St. Louis County, Missouri. A copy of that filing is attached as Exhibit D.

---

[2] Because Exhibit C is too large to attach and file electronically, it will be filed on a disc with the Clerk.

32. From Plaintiff's perspective, Defendant's statement characterizes the views of the grand jurors collectively toward the evidence, witnesses, and the law, in a manner that does not comport with Plaintiff's own opinions.

33. From Plaintiff's perspective, although the release of a large number of records provides an appearance of transparency, with heavy redactions and the absence of context, those records do not fully portray the proceedings before the grand jury.

34. Plaintiff would like to speak about the experience of being a grand juror, including expressing Plaintiff's opinions about the evidence and the investigation, and believes Plaintiff's experience could contribute to the current public dialogue concerning race relations. In Plaintiff's view, the current information available about the grand jurors' views is not entirely accurate—especially the implication that all grand jurors believed that there was no support for any charges. Moreover, the public characterization of the grand jurors' view of witnesses and evidence does not accord with Plaintiff's own. Plaintiff also wishes to express opinions about: whether the release of records has truly provided transparency; Plaintiff's impression that evidence was presented differently than in other cases, with the insinuation that Brown, not Wilson, was the wrongdoer; and questions about whether the grand jury was clearly counseled on the law.

35. Plaintiff believes that by sharing Plaintiff's experience, Plaintiff could aid in educating the public about how grand juries function.

36. Plaintiff would also like to use Plaintiff's own experiences to advocate for legislative change to the way grand juries are conducted in Missouri.

37. Plaintiff's views would add to the public debate—occurring in Missouri and across the country—about the proper role of state grand juries and whether they continue to serve

their original purpose of protecting the accused, or are now increasingly used to deprive those accused of crimes of due process to which they are otherwise entitled.

38. In Missouri, proposed House Joint Resolution 17 would repeal the state constitutional authorization for grand juries. A copy of HJR 17 is attached hereto as Exhibit E.

39. Plaintiff would also like to be able to discuss Plaintiff's experiences and opinions with close family members in the privacy of Plaintiff's own home.

40. Plaintiff is chilled from expressing individual views and experiences because Plaintiff fears the imposition of criminal penalties or other punishment by government officials.

41. The chilling effect is caused by the following statutes that Defendant enforces:

   A. Mo. Rev. Stat. § 540.320, entitled "Grand juror not to disclose evidence—penalty," which provides: "No grand juror shall disclose any evidence given before the grand jury, nor the name of any witness who appeared before them, except when lawfully required to testify as a witness in relation thereto; nor shall he disclose the fact of any indictment having been found against any person for a felony, not in actual confinement, until the defendant shall have been arrested thereon. Any juror violating the provisions of this section shall be deemed guilty of a class A misdemeanor.";

   B. Mo. Rev. Stat. § 540.310, entitled "Cannot be compelled to disclose vote," but which more broadly provides that "[n]o member of a grand jury shall be obliged or allowed to testify or declare in what manner he or any other member of the grand jury voted on any question before them, or what opinions were expressed by any juror in relation to any such question.";

  C. Mo. Rev. Stat. § 540.080, entitled "Oath of grand jurors," which states that: "Grand jurors may be sworn in the following form: Do you solemnly swear you will diligently inquire and true presentment make, according to your charge, of all offenses against the laws of the state committed or triable in this county of which you have or can obtain legal evidence; the counsel of your state, your fellows and your own, you shall truly keep secret? You further swear that you will present no one for any hatred, malice or ill will; neither will you leave unpresented any one for love, fear, favor or affection, or for any reward or the hope or promise thereof, but that you will present things truly as they come to your knowledge, to the best of your understanding, according to the laws of this state, so help you God."; and

  D. Mo. Rev. Stat. § 540.120, entitled "Penalty for violation of oath," which provides that "[a]ny person having taken the oath required pursuant to section 540.110, who shall willfully violate the same, shall be adjudged guilty of a class B misdemeanor."

42. Under Missouri law, a class A misdemeanor offense is punishable by up to one year in jail, a fine of up to $1,000.00, or both.

43. Under Missouri law, a class B misdemeanor offense is punishable by up to six months in jail, a fine of up to $500.00, or both.

44. There are exceptions to the rules governing grand jury secrecy, including Missouri's Sunshine Law and Mo. Rev. Stat. § 540.300 ("Members of the grand jury may be required by any court to testify whether the testimony of a witness examined before such jury is consistent with or different from the evidence given by such witness before such

court. They may also be required to disclose the testimony given before them by any person, upon a complaint against such person for perjury, or upon his trial for such offense.").

45. In this case, there is no risk that Plaintiff's expressive activity would result in making public pre-indictment proceedings such that prospective witnesses would be hesitant to come forward voluntarily, knowing that those against whom they testify would be aware of that testimony.

46. In this case, there is no risk that Plaintiff's expressive activity would cause witnesses who appeared before the grand jury to be less likely to testify fully and frankly, by reason of being open to retribution as well as to inducements, because they have already given their testimony.

47. In this case, there is no risk that Plaintiff's expressive activity would cause Wilson to flee, or to try to influence individual grand jurors to vote against indictment.

48. In this case, prohibiting Plaintiff's expressive activity does not serve to assure that Wilson will not be held up to public ridicule.

## Cause of Action

49. Plaintiff incorporates herein by reference the allegations made in each preceding paragraph as if each were set forth here verbatim.

50. Plaintiff is reasonably chilled from engaging in expressive activity because of Mo. Rev. Stat. §§ 540.080, 540.120, 540.310, and 540.320, as well as any other provision of Missouri law that prohibits Plaintiff from discussing or expressing an opinion about Plaintiff's grand jury service, the witnesses and evidence, the State's counsel to the grand

jury, and Defendant's characterizations of the grand juror's views (collectively referred to as "the challenged laws").

51. The challenged laws operate to permanently and totally prohibit Plaintiff from engaging in any expressive activity related to evidence, witnesses, and counsel before the grand jury.

52. The challenged laws prevent Plaintiff from speaking about matters of public concern.

53. The challenged laws prevent Plaintiff from engaging in political speech.

54. The challenged laws prevent Plaintiff from engaging in expressive activity based on the content of Plaintiff's desired expression.

55. As applied in the circumstances of this case, the challenged laws prevent Plaintiff from engaging in expressive activity based upon the viewpoint of Plaintiff's desired expression.

56. The challenged laws prevent Plaintiff from discussing truthful information about a matter of public significance.

57. As applied in the circumstances of this case, the challenged laws act as a prior restraint on Plaintiff's expressive activity.

58. As applied in the circumstances of this case, any interests furthered by maintaining grand jury secrecy are outweighed by the interests secured by the First Amendment.

WHEREFORE, Plaintiff prays that this Court:

    A. Enter judgment, including declaratory judgment pursuant to 42 U.S.C. § 1983, in favor of Plaintiff and against Defendant;

B. Upon proper motion, issue preliminary and permanent injunctions enjoining Defendant from enforcing, or threatening to enforce, the challenged laws against Plaintiff;

C. Award Plaintiff's reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and any other applicable provisions of law; and

D. Allow such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Anthony E. Rothert
Anthony E. Rothert, #44827MO
Grant R. Doty, #60788MO
Andrew McNulty, #67138MO
American Civil Liberties Union of
    Missouri Foundation
454 Whittier Street
St. Louis, Missouri 63108
Phone: 314-652-3114
Fax: 314-652-3112
trothert@aclu-mo.org
gdoty@aclu-mo.org
amcnulty@aclu-mo.org

Gillian R. Wilcox, #61278MO
American Civil Liberties Union of
    Missouri Foundation
3601 Main Street
Kansas City, Missouri 64111
gwilcox@aclu-mo.org

Sowers & Wolf, LLC
D. Eric Sowers, EDMO 24970MO
es@sowerswolf.com
Ferne P. Wolf, EDMO 29326MO
fw@sowerswolf.com
Joshua M. Pierson, EDMO 65105MO
jp@sowerswolf.com
530 Maryville Centre Drive, Suite 460
St. Louis, MO 63141
314-744-4010/314-744-4026 fax