IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
STATE OF MISSOURI

| | |
|---|---|
| IN THE MATTER OF THE GRAND JURY INVESTIGATION OF THE INCIDENT OF 8/9/2014 | ) ) ) ) ) |

Cause No. 14SL-MC15812

Division 7

## MEMORANDUM IN SUPPORT OF MOTION FOR PUBLIC DISCLOSURE OF MATERIALS CONSIDERED BY THE GRAND JURY

### INTRODUCTION

Robert P. McCulloch, Prosecuting Attorney for St. Louis County, Missouri, is at the epicenter of one of the most volatile and controversial issues in the history of St. Louis County. He and his Office have the responsibility and obligation to present all of the evidence to the Grand Jury concerning the August 9, 2014 shooting of Michael Brown, while ensuring all citizens that the grand jury process was handled in a fair, just, and impartial manner. Accordingly, Mr. McCulloch publicly announced in August, 2014, that he was having a stenographer transcribe the testimony presented to the Grand Jury, and he assured everyone that he would make available to the public the transcribed Grand Jury testimony, subject to appropriate redactions, together with selected photographs, video and audio recordings presented to the Grand Jury, and other records and reports used to investigate whether a crime had been committed.

As set forth more fully below, Mr. McCulloch, as Prosecuting Attorney, has the authority to have a stenographer "take down and transcribe *for the use of the prosecuting attorney* testimony and evidence before the grand jury. . . ." § 56.190, R.S.Mo. (emphasis added). This transcribed testimony is, therefore, a record of the Prosecuting Attorney. Under Chapter 610 of the Revised Statutes of Missouri (commonly referred to as the "Missouri Sunshine Law"), an

EXHIBIT
D

Investigative Report includes records inquiring into a crime or suspected crime. § 610.100.1(5),

R.S.Mo.  An Investigative Report is a closed record under the Missouri Sunshine Law until the

investigation becomes "inactive," as defined in Section 610.100.2, R.S.Mo.

In the event the Grand Jury returns an indictment, Robert McCulloch, as the Prosecuting

Attorney for St. Louis County, will not release the records in his possession, including the

transcribed testimony, selected photographs, investigative and other reports, and video and audio

recordings presented to the Grand Jury pertaining to the incident of August 9, 2014, until the

finality of the proceedings.  On the other hand, in the event the investigation becomes inactive

because an indictment is not returned by the Grand Jury, Movant Robert McCulloch moves this

Court to confirm that he is not otherwise prohibited from releasing the transcribed testimony

presented to the Grand Jury, and that those records constituting an Investigative Report are open

public records subject to redaction in accordance with applicable provisions of the Missouri

Sunshine Law.

Section 610.027.6 of the Missouri Sunshine Law provides that any public governmental

body can bring an action to ascertain the legality of closing a record.  The Office of the State

Prosecuting Attorney for St. Louis County has public records that are closed records at this time,

and seeks an order confirming that certain records will not be closed once the investigation

becomes inactive.  In seeking this order, Movant Robert McCulloch acknowledges the general

rule that grand jury proceedings are to be kept secret, except as modified by statute.  *See*

*Jorgenson et al. v. Brown*, 2006 U.S. Dist. LEXIS 9949 (a copy of which is attached for the

Court's reference).  "This secrecy is designed to protect the grand jurors themselves, promote

full disclosure by witnesses, prevent escape of an individual indicted prior to arrest, prevent the

subornation of perjury, and protect the reputations of persons against whom no indictment is found. *Id.* (citations omitted). The rule of secrecy, however, is not absolute." *See Id.*

Movant Robert McCulloch has done everything in his power to make sure that the grand jury proceedings have been kept secret. He will refuse to produce records involved in the investigation if an indictment is returned. On the other hand once the investigation is "inactive," the Missouri Sunshine Law modifies the general rule of secrecy and obligates Robert McCulloch to make records inquiring into a suspected crime to be made open to the public, subject to certain redactions. As discussed more fully below, the grand jury testimony was prepared for the use of the Prosecuting Attorney and it becomes part of the Investigative Report. It is, therefore, subject to the provisions of the Missouri Sunshine Law. In making these records open, as provided for under the Missouri Sunshine Law, Movant Robert McCulloch will not disclose or produce names of the grand jurors, minutes or notes of any grand juror, nor any documents of the Grand Jury. He will also not produce autopsy photographs.

Movant Robert McCulloch recognizes that the Grand Jury acts in a judicial capacity and, as such, the Grand Jury is subject to the supervisory jurisdiction of this Court. In filing this Motion, there is no suggestion that the Grand Jury is subject to the Missouri Sunshine Law. To the contrary, Movant Robert McCulloch is asking this Court to address a question about the release of certain records in the possession of the Office of the Prosecuting Attorney that were used in the inquiry of whether a crime was committed. This matter is properly brought before this Court in accordance with Section 610.027.6 of the Missouri Sunshine Law, and Movant Robert McCulloch moves this Court to confirm that, pursuant to Section 56.190, R.S.Mo., he has the authority to have a court reporter take down and transcribe the testimony presented to the Grand Jury "*for the use of the prosecuting attorney.*" Based upon that authority, the transcription

is a record of the Prosecuting Attorney that is "inquiring into a crime or suspected crime," and, therefore, the transcribed testimony is part of an Investigative Report subject to Section 610.100 of the Missouri Sunshine Law.  Movant also requests that this Court simply confirm that the Office of the State Prosecuting Attorney for St. Louis County is not prohibited from making the transcribed testimony available to the public, subject to redaction, and that he should follow the provisions of the Missouri Sunshine Law with respect to the release of these records, including the transcribed testimony, selected photographs, investigative and other reports, and video and audio recordings presented to the Grand Jury pertaining to the incident of August 9, 2014, in the event that the Grand Jury does not return an indictment.

## ARGUMENT

I.   **Authority of Prosecuting Attorney to Transcribe Testimony Before Grand Jury**

Missouri law clearly provides Robert McCulloch, as the State Prosecuting Attorney for St. Louis County,[1] with the explicit authority to transcribe evidence presented before a grand jury.  In pertinent part, Section 56.190, R.S.Mo., states:

> In all counties of class one, the stenographers in the office of the prosecuting attorney shall, *when so directed by the prosecuting attorney of such county, take down and transcribe for the use of the prosecuting attorney testimony and evidence before the grand jury of said county* and before any court of said county exercising criminal jurisdiction or before the coroner of said county at any inquest held on any homicide or felony inquiry, and shall perform such other duties in the office of the prosecuting attorney as may be necessary.

§ 56.190, R.S.Mo. (emphasis added).

This statutory provision reflects that the transcribed Grand Jury testimony is a record of the St. Louis County Prosecuting Attorney because it is "for the use of the prosecuting attorney." While there is no requirement that the testimony presented to a grand jury be transcribed by a

---

[1] St. Louis County is a county of the first class.  Official Manual, State of Missouri, 2013-2014, p. 883.

stenographer in every case, *State ex rel. Dunlap v. Hanna*, 561 S.W.2d 411, 412 (Mo. App. K.C. 1977), it is permissible for the prosecuting attorney to do so, and it is commonly done when the defendant testifies.  In fact, there is a discovery rule in the Missouri Rules of Criminal Procedure requiring the prosecuting attorney to disclose the transcript of the defendant's grand jury testimony to the defendant, or any person whom the state intends to call as a witness at a hearing or trial, and which relates to the offense charged.  Missouri Rule 25.03(A)(3).

In this case, it is no secret that Robert McCulloch was exercising his authority to transcribe the evidence presented before the grand jury.  He publicly announced it before the Grand Jury began hearing evidence, and at least as early as September 16, 2014, Ed Magee, Robert McCulloch's executive assistant, publicly confirmed that the Grand Jury proceedings were being transcribed and that Robert McCulloch intended to release the transcripts when the matter becomes inactive.

II.    **Grand Jury Testimony, Transcribed at the Direction of the Prosecuting Attorney, is a Record Included in an Investigative Report Subject to Disclosure Under the Missouri Sunshine Law**

As set forth above, Movant Robert McCulloch, as Prosecuting Attorney for St. Louis County, acted fully within his authority by transcribing the proceedings before the Grand Jury. As unequivocally stated in Section 56.190, R.S.Mo., the testimony was taken down and transcribed "*for the use of the prosecuting attorney*" and is, therefore, a record pertaining to a crime or suspected crime within the purview of Section 610.100 of the Missouri Sunshine Law. Furthermore, the disclosure of the redacted transcription, pursuant to the Missouri Sunshine Law, is consistent with the policies underlying the secrecy of grand juries as set forth by Missouri case law.  Finally, authority from case law outside of Missouri further supports the disclosure of the transcripts.  Each of these points is addressed in turn.

A.    **Pursuant to Section 56.190, R.S.Mo., the Transcription is an Investigative Report and is, Therefore, Subject to Disclosure Under the Missouri Sunshine Law**

An Investigative Report becomes an open record subject to disclosure when the investigation becomes inactive. § 610.100.2, R.S.Mo; *see also Guyer v. City of Kirkwood*, 38 S.W.3d 412 (Mo. banc 2001). Pursuant to the Missouri Sunshine Law, an Investigative Report is a record created by a law enforcement agency to examine a crime or suspected crime in response to evidence or an incident report. § 610.100.1(5), R.S.Mo. The term "Investigative Report" has been interpreted broadly to encompass all materials compiled during an investigation into alleged criminal conduct. *Guyer*, 38 S.W.3d at 415. The Office of the Prosecuting Attorney has been deemed to be a law enforcement agency with respect to records under the Missouri Sunshine Law. *State v. Kalter*, 839 S.W.2d 670, 672-73 (Mo. App. E.D. 1992); *Pitts v. Williams*, 315 S.W.3d 755, 765 (Mo. App. W.D. 2010); *State v. Pullen*, 1992 WL 121791, at *2 (Mo. App. E.D. June 9, 1992).

Once an investigation becomes inactive, the investigative report becomes open and, therefore, subject to disclosure under the Missouri Sunshine Law, subject to redaction pursuant to the protections set forth in Section 610.100.3 of the Missouri Sunshine Law. Section 610.100.3, R.S.Mo., states in pertinent part:

> . . . if any portion of a record . . . contains information that is reasonably likely to pose a clear and present danger to the safety of any victim, witness, undercover officer, or other person; or . . . disclose the identity of a source wishing to remain confidential or a suspect not in custody; or which would disclose techniques, procedures or guidelines for law enforcement investigations or prosecutions . . . that portion of the record shall be closed and shall be redacted from any record made available pursuant to this chapter.

§ 610.100.3, R.S.Mo.

6

Here, the transcribed testimony before the Grand Jury, as directed by the Prosecuting Attorney for his use and benefit, falls within the broad interpretation of Investigative Report as set forth by *Guyer*. Robert McCulloch ordered the testimony presented to the Grand Jury to be transcribed for his use and benefit. The transcription of such testimony was clearly taken during an investigation into alleged criminal conduct.

Furthermore, the public disclosure of the transcription under the Missouri Sunshine Laws would be subject to the protections set forth in Section 610.100.3. These protections will adequately shield any sensitive information from disclosure, including but not limited to: the identities, notes, deliberations, and votes of any grand jurors; the identities of witnesses and individuals who have not made their identity known because release of their identity would pose a clear and present danger; and confidential information and sources. These protections are consistent with, and in no way contradict, the policies underlying the secrecy of grand juries.

**B.      Policies Underlying the Secrecy of Grand Juries are not Implicated by the Transcription's Disclosure Pursuant to the Missouri Sunshine Law**

The original rule of common law secrecy for grand jury proceedings has been substantially modified by statute and case law, and the rule is no longer absolute. *Mannon v. Frick*, 295 S.W.2d 158, 163 (Mo. 1956); *Jorgenson*, 2006 U.S. Dist. LEXIS 9949, *3. Indeed, there has been an ongoing trend toward transparency and away from the strict, common law rule of secrecy. *Palmentere v. Campbell*, 205 F. Supp. 261, 264 (W.D. Mo. 1962) (interpreting Missouri law); *see also State ex rel. Clagett v. James*, 327 S.W.2d 278 (Mo. banc 1959) (permitting the defendant to inspect parts of the grand jury transcript containing the testimony of defendant and of the witnesses endorsed on the indictment); *Mannon* 295 S.W.2d 158 (upholding the admission of grand jury testimony regarding the authenticity of a signature in a subsequent civil case).

7

That being said, the policies underlying the general rule of have been summarized as follows:

> . . . to protect the jurors themselves; to promote freedom of disclosure; to prevent the escape of a person indicted before he may be arrested; to prevent the subornation of perjury in an effort to disprove facts there testified to; and to protect the reputations of persons against whom no indictment may be found.

*Palmentere*, 205 F. Supp. at 264 (quoting 3 Wigmore on Evidence, 3d Ed., § 2360).  At the close of the grand jury investigation, however, the reasons for the rigid rules of secrecy no longer exist.  *Palmentere*, 205 F. Supp. at 266; *Mannon*, 295 S.W.2d at 163 ("There remain, therefore, no cases at all in which, *after the grand jury's functions are ended*, the privilege of witnesses not to have their testimony disclosed should be deemed to continue.") (citation omitted).  The rule of secrecy has been relaxed such that its rigid requirements apply only to the votes and deliberations of the respective grand jurors and to that said and done by the grand jurors themselves in regard to the investigation.  *Palmentere*, 205 F. Supp. at 266; *Mannon*, 295 S.W.2d at 163.

Here, the policies underlying the rule of secrecy are not implicated by the public disclosure of the transcribed testimony after the investigation becomes inactive.  In fact, the Missouri Sunshine Law's application to the public disclosure of the transcript, as part of the investigative report of the prosecuting attorney, is fully consistent with the reasons for grand jury secrecy.

While the investigation is ongoing, the Investigative Report is closed and not subject to public disclosure.  As such, during the Grand Jury proceedings pertaining to the incident of August 9, 2014, the Investigative Report, including the transcribed testimony, remains closed, and thus the secrecy of the Grand Jury proceedings is maintained.  In fact, the provisions in the Missouri Sunshine Law permitting closure of the Investigative Report until it becomes inactive,

closely mirror the policies for maintaining the secrecy for grand jury proceedings until the proceedings are complete.   The rationale for nondisclosure of Investigative Reports has been summarized as follows:

> To compel investigators to reveal contents of their investigative reports before the culmination of the investigation and, when appropriate, the prosecution, could result in compromising the investigation and prosecution by disclosing the status of the investigation, jeopardizing witnesses, aid the guilty in the destruction of yet undiscovered evidence, promote fabricated evidence by a guilty party, and foster other inhibiting consequences.

*News-Press & Gazette Co. v. Cathcart*, 974 S.W.2d 576, 579, n. 3 (Mo. App. W.D. 1998).  The rationales behind both the secrecy of grand juries and Investigative Reports contemplate the protection of the parties involved – witnesses and jurors; the promotion of fact-finding and freedom of disclosure; the prevention of a guilty party obstructing the process; and the protection of the reputation of those involved until the investigation is over.

Moreover, the Investigative Report will not be subject to disclosure until the investigation becomes inactive – *i.e.*, a decision has been made to stop the investigation or the conviction has become final.   § 610.100.1(3) R.S.Mo.   By the time this investigation becomes inactive, all functions of the grand jury will have ended, and therefore "the privilege of witnesses not to have their testimony disclosed" will have also ended.  *Mannon*, 295 S.W.2d at 163.

Furthermore, the rule of secrecy's rigid safeguards as to the votes and deliberations of the Grand Jury are protected by the safeguards contained within the Missouri Sunshine Law. Section 610.100.3 of the Missouri Sunshine Law allows that certain information contained within the transcript remain closed, through redaction by the Prosecuting Attorney prior to public disclosure of the Investigative Report.   Specifically, the votes, deliberations, and identities of the Grand Jurors would constitute "information that is reasonably likely to pose a clear and present

danger to the safety of any . . . other person" and/or "techniques, procedures or guidelines for . . . prosecutions" and, therefore, Movant intends to redact such information.

Finally, the Missouri Sunshine Law is to be liberally construed in accordance with a strong presumption of disclosure and open governance, and any exceptions thereto are to be narrowly construed.   *Cathcart*, 974 S.W.2d at 578; § 610.011 R.S.Mo.   This construction requires the Court to interpret the rule of secrecy for grand jury proceedings narrowly, in so far as it applies to the transcript.   The interpretation set forth above, in balancing the public disclosure of the Investigative Report, including the transcribed testimony, with the rule of secrecy, fully achieves these ends.

### C.      Authority From Other States Supports the Disclosure of Grand Jury Testimony Pursuant to Sunshine Law Requests

In addition to the reasons set forth above, authority from other jurisdictions supports Movant's request.   In *State ex rel. Cincinnatti Enquirer v. Hamilton County*, a newspaper requested access to certain 911 tapes pursuant to the Ohio Public Records Law.   662 N.E.2d 334, 337 (Ohio Sup. Ct. 1996).   The governmental body, in refusing to turn over the 911 tapes, asserted that the tapes had become part of an ongoing investigation and had been presented to a grand jury, thus shielding the tapes from disclosure.   *Id.* at 338.   The court rejected the governmental body's argument and, instead, held that "[o]nce clothed with the public records cloak, the records cannot be defrocked of their status" by merely presenting the record to a grand jury.   *Id.*   Although unremarkable, the court's proposition – *i.e.*, a record's substance, in relation to being subject to public disclosure, cannot be changed merely because it enters the grand jury room – remains important to the situation at hand.

In *Better Government Association v. Blagojevich*, an organization requested that the Illinois Governor, a recipient of a federal grand jury subpoena, disclose the subpoena and related

10

correspondences, pursuant to the Illinois Freedom of Information Act.  899 N.E.2d 382, 384 (Ill. App. 4th Dist. 2008).  The Governor refused to disclose the records requested arguing that the federal grand jury process is secretive and any disclosure in relation thereto is objectionable.  *Id.* at 389.  In ordering the Governor to disclose the materials, the court stated that "transparency should be the norm, except in rare, specified circumstances."  *Id.* at 391.  The court held that absent a specific law prohibiting disclosure, the documents provided to the Illinois Governor by the federal grand jury were subject to the Illinois Freedom of Information Act.  *Id.*

There is no law prohibiting disclosure of appropriately redacted Grand Jury testimony. Therefore, the Prosecuting Attorney has the authority to disclose appropriately redacted Grand Jury testimony and the Missouri Sunshine Law calls upon him to do so.  Moreover, the opinions in *Cincinatti Enquirer* and *Blagojevich* suggest that records in the possession of a governmental body should be disclosed, pursuant to the state's disclosure requirements, regardless of whether that record went into or came out of a grand jury proceeding.

It is beyond dispute that an Investigative Report contains a number of records that went before the Grand Jury.  However, these materials should be disclosed because their mere presentment to the grand jury does not change their status as public records subject to disclosure. The redacted transcript of testimony before the Grand Jury should be disclosed because it was lawfully transcribed for the use and benefit of the Prosecuting Attorney and now makes up part of the Investigative Report, regardless of the fact that it was presented to the Grand Jury.

A similar situation was addressed by a Connecticut court.  In *Division of Criminal Justice v. Freedom of Information, Inc.*, a newspaper requested that the city produce all records and documents turned over to a grand jury pursuant to Connecticut's Freedom of Information Act. 2010 WL 1233916, at *1 (Conn. Super. Ct. Feb. 25, 2010).  The court characterized the request

as an attempt to obtain from the city that which could not be obtained through request to the grand jury. *Id*. at *2. The court found that, although directed to the city, the request raised issues pertaining to the secrecy of grand jury proceedings. *Id*. at *3. The court denied the request because the request for records was sent while the grand jury was still in session. Significantly, the court indicated that if the request were sent after the grand jury had reached a conclusion, the request would have been granted. *Id*. In fact, the court made note that at the conclusion of the grand jury proceedings, agreed upon disclosures were made to the newspaper. *Id*. at *3, n. 4.

The case before the Connecticut court is analogous to the situation before this Court. Movant Robert McCulloch acknowledges that an Investigative Report may remain closed until the investigation becomes inactive. Indeed, the nondisclosure of an Investigative Report is allowed by the Missouri Sunshine Law. However, once the investigation becomes inactive, the records constituting an Investigative Report, including the redacted transcribed testimony, is subject to public disclosure. This is consistent with the disclosures made after the close of the grand jury session in *Division of Criminal Justice* case.

## CONCLUSION

For the reasons stated herein, Movant Robert McCulloch respectfully moves this Court confirm that the transcribed testimony and evidence before the Grand Jury is a record of the Prosecuting Attorney. Movant also moves this Court to confirm that the Office of the State Prosecuting Attorney for St. Louis County is not prohibited from making the transcribed testimony available to the public, subject to certain redactions in accordance with the Missouri Sunshine Law, and that he should follow the provisions of the Missouri Sunshine Law with respect to the redaction of information and the release of appropriately redacted records, including the transcribed testimony, selected photographs, investigative and other reports, and

12

video and audio recordings presenting to the Grand Jury pertaining to the incident of August 9, 2014, when the matter becomes inactive.

Respectfully submitted,

**LEWIS, RICE & FINGERSH, L.C.**


By:     John M. Hessel, #26408
Eric D. Block, #65789
600 Washington Avenue, Suite 2500
St. Louis, Missouri 63101
(314) 444-7735 (telephone)
(314) 612-7735 (facsimile)

***Attorneys for Robert P. McCulloch
Prosecuting Attorney or St. Louis County,
Missouri***