UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| Grand Juror Doe, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   No.   4:15-cv-00006 |
| | ) |
| Robert P. McCulloch, in his official capacity | ) |
|     as Prosecuting Attorney for St. Louis | ) |
|     County, Missouri, | ) |
| | ) |
|     Defendant. | ) |

**Memorandum in Support of Motion for Leave to Proceed Under Pseudonym**

**I.     Background.**

Plaintiff is making an as-applied challenge to Missouri laws criminalizing speech about Plaintiff's experiences as a state grand juror for the investigation of the matter known as *State of Missouri v. Darren Wilson*.

Plaintiff requests that this Court grant Plaintiff leave to proceed under a pseudonym.

**II.     Analysis.**

As a general rule, a plaintiff must file suit in his or her own name. Rule 10(a) of the Federal Rules of Civil Procedure provides that "[t]he title of the complaint must name all the parties."

Courts have, however, recognized exceptions to this general rule. Neither the Eighth Circuit nor the Supreme Court has explained when the use of a pseudonym is permissible. Other circuits and district courts have provided guidance. Those courts have employed a totality-of-the circumstances balancing test to determine whether a party may sue under a pseudonym. *See Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008) (collecting cases).

Courts have permitted the plaintiff to proceed under a fictitious name "(1) where the plaintiff is challenging government activity; (2) where the plaintiff is required to disclose information of the utmost intimacy; and (3) where the plaintiff risks criminal prosecution through the information contained in the pleading." *Doe H.M. v. St. Louis Cnty.*, No. 4L07-CV-2116CEJ, 2008 WL 151629, at *1 (E.D. Mo. Jan. 14, 2008) (citing *Doe v. Frank,* 951 F.2d 320, 323 (11th Cir.1992)). Ultimately, a court must determine if the interest of preserving the plaintiff's privacy through the use of a pseudonym outweighs the interest of the public in ascertaining the plaintiff's true identity. *Roe v. St. Louis Univ.*, No. 4:08CV1474 JCH, 2009 WL 910738, at *5 (E.D. Mo. Apr. 2, 2009).

Here, all three factors are present:

First, Plaintiff is challenging government activity: enforcement of a criminal statute. *See Doe v. Nixon*, No. 4:08-CV-1518 (CEJ), 2009 WL 995138, at *3 (E.D. Mo. Apr. 13, 2009).

Second, to proceed under a true name requires Plaintiff to disclose private information: that Plaintiff was one of the twelve individuals who served as a grand juror for Missouri's investigation of Darren Wilson's shooting of Michael Brown. This information is so secret that it arguably is against the law for even Plaintiff to reveal it. Requiring Plaintiff to reveal Plaintiff's name in order to challenge the secrecy laws would force Plaintiff to break the law in order to challenge the law. Moreover, in the event this Court does not rule in favor of Plaintiff on the merits, Plaintiff would be in the untenable position of being publicly identified as a grand juror yet unable to discuss anything about the experience of having been a grand juror.

Third, Plaintiff risks criminal prosecution through the information contained in the initial pleading. *See Nixon*, 2009 WL 995138, at *3. Through the Complaint, Plaintiff reveals not only that Plaintiff served on a particular grand jury, but also — though deliberately vague to avoid

violating the spirit of the grand jury oath — "the counsel of [the plaintiff's] state, [the plaintiff's] fellows and [the plaintiff's] own," which the oath requires a grand juror to "truly keep secret." Mo. Rev. Stat. § 540.080. Violation of the grand jury secrecy statutes is a misdemeanor. Mo. Rev. Stat. § 540.120, § 540.320. At a minimum, to bring this action requires Plaintiff to admit a wish to engage in prohibited conduct. An admission that a plaintiff has violated state laws or wishes to engage in prohibited conduct is a basis for allowing the plaintiff to proceed under a pseudonym. *See Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979).

In addition to the factors listed above, the public interest in ascertaining the plaintiff's identity in this case is minimal. The question presented is primarily a legal one, not particular to Plaintiff's identity or credibility. *Doe v. Hartford Life & Acc. Ins. Co.*, 237 F.R.D. 545, 551 (D.N.J. 2006) ("The issue in this case is primarily a legal one … and does not turn on the identity of the Plaintiff.").

### III. Conclusion

For the foregoing reasons, Plaintiff respectfully requests leave to proceed in this case under a pseudonym.

Respectfully submitted,
/s/ Anthony E. Rothert
Anthony E. Rothert, #44827MO
Grant R. Doty, #60788MO
Andrew McNulty, #67138MO
American Civil Liberties Union of
    Missouri Foundation
454 Whittier Street
St. Louis, Missouri 63108
Phone: 314-652-3114
Fax: 314-652-3112
trothert@aclu-mo.org
gdoty@aclu-mo.org
amcnulty@aclu-mo.org

Gillian R. Wilcox, #61278MO
American Civil Liberties Union of
    Missouri Foundation
3601 Main Street
Kansas City, Missouri 64111
gwilcox@aclu-mo.org

Sowers & Wolf, LLC
D. Eric Sowers, EDMO 24970MO
es@sowerswolf.com
Ferne P. Wolf, EDMO 29326MO
fw@sowerswolf.com
Joshua M. Pierson, EDMO 65105MO
jp@sowerswolf.com
530 Maryville Centre Drive, Suite 460
St. Louis, MO 63141
314-744-4010/314-744-4026 fax

Certificate of Service

I certify that a copy of the foregoing has been send by United States mail on January 5, 2015, to Robert P. McCulloch, St. Louis Prosecuting Attorney's Office, 100 South Central Avenue, Second Floor, Clayton, Missouri 63105.

/s/ Anthony E. Rothert