UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GRAND JUROR DOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case 4:15-cv-6-RWS |
| | ) |
| ROBERT P. MCCULLOCH, in his | ) |
| official capacity as Prosecuting Attorney | ) |
| for St. Louis County, Missouri, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM IN SUPPORT OF DEFENDANT
ROBERT P. MCCULLOCH'S MOTION TO DISMISS**

**INTRODUCTION**

In his Complaint for Prospective Relief, Plaintiff alleges he[1] was a member of the state grand jury tasked with investigating former Ferguson Police Officer Darren Wilson in the August 2014 shooting death of Michael Brown. Doc. 1 ¶ 1. Plaintiff alleges he began his grand jury service in May 2014, and that his term was extended shortly before its scheduled expiration in September 2014 in order to investigate Officer Wilson. Doc. 1 ¶¶ 10-12. The grand jury ultimately declined to indict Wilson on any charges, and on November 24, 2014, Plaintiff was discharged from his grand jury service. Doc. 1 ¶¶ 25-26.

Shortly after the grand jury was discharged, Defendant released testimony, reports, interviews, photographs, and other materials presented to the grand jury

---

[1] Plaintiff is proceeding in this case under a pseudonym, "Grand Juror Doe," and it is unclear from the Complaint whether "Doe" is a man or a woman. For the sake of convenience and to avoid unnecessary confusion, Defendant will use male pronouns in this memorandum to refer to Plaintiff.

during the Wilson investigation pursuant to the Missouri Sunshine Law. Doc. 1 ¶ 30. The transcripts and documents released by Defendant were redacted to protect the identities of witnesses and other persons connected to the Wilson investigation, and no information was released disclosing the names, votes, opinions, or deliberations of the grand jurors. Doc. 1 ¶¶ 30-31 and at Exhibit C.

As a general rule, grand jury investigations in Missouri are kept secret. Doc. 1 ¶¶ 2, 41. Witnesses and others who appear before a grand jury are sworn to secrecy, and grand jurors are prohibited by law from disclosing their votes, deliberations, the evidence, or the names of witnesses that appear before them. Doc. 1 ¶ 41 (citing Mo. Rev. Stat. §§ 540.320, 540.310, 540.080, and 540.120); *see also* Mo. Rev. Stat. §§ 540.110 & 540.150. As a grand juror for the St. Louis County Circuit Court, Plaintiff was subject to Missouri laws governing the scope and terms of his grand jury service, and he was sworn to keep secret the counsel of the state, his fellows, and his own. Doc. 1 ¶ 41 (citing Mo. Rev. Stat. § 540.080).

Nevertheless, and despite his obligations under the law and under his oath, Plaintiff claims he should be freed from any obligation to maintain secrecy, and that he should be permitted to speak freely about his experiences as a grand juror, including his perceptions that the presentation of evidence, the behavior of prosecutors, the focus of the investigation, and the presentation of the law were handled differently in the Wilson investigation than in the hundreds of other matters heard by the grand jury. Doc. 1 ¶¶ 19-22. Plaintiff believes his experience as a grand juror could contribute to the current public dialogue concerning race

2

relations, and he claims he would like to use his experience to educate the public and advocate for change in the way grand juries are conducted in Missouri. Doc. 1 ¶¶ 34-37.

Although Plaintiff acknowledges "there is a long tradition of grand jury secrecy," he alleges that under the specific circumstances of this case, continued secrecy "does not advance the interests served by the confidentiality of grand jury proceedings," and is contrary to Plaintiff's rights under the First Amendment. Doc. 1 ¶ 2. Specifically, Plaintiff alleges that because the grand jury has been discharged and declined to indict Officer Wilson on any charges, there is "no risk" the interests furthered by secrecy would be undermined if Plaintiff were allowed to ignore Missouri law and violate his oath. Doc. 1 ¶¶ 45-48.

Plaintiff claims the laws requiring secrecy constitute an impermissible prior restraint on Plaintiff's rights under the First Amendment, and that he has been chilled from expressing his individual views and experiences because he fears the imposition of criminal penalties or other punishments by unnamed "government officials." Doc. 1 ¶¶ 40, 57. Plaintiff further claims that the chilling effect is caused by certain statutes allegedly enforced by Defendant. Doc. 1 ¶¶ 41, 50.

Assuming for the sake of argument that Plaintiff's factual allegations are true, the Court should dismiss Plaintiff's claims. Plaintiff has not alleged sufficient facts to demonstrate a justiciable case or controversy currently exists between the parties, and thus, this Court lacks subject matter jurisdiction over Plaintiff's claims under Article III of the Constitution. The claims are also barred by the Eleventh

3

Amendment. Further, even if Plaintiff's claims were otherwise ripe for adjudication, Plaintiff has failed to state a claim upon which relief may be granted. Finally, and in the alternative should the Court find it has subject matter jurisdiction, the Court should abstain from exercising jurisdiction over Plaintiff's claims because this case involves important issues of state law that should be decided by a Missouri court.

## ARGUMENT

### I. The Court lacks jurisdiction over Plaintiff's claims.

Federal Rule of Civil Procedure 12(b)(1) permits a party to move to dismiss a complaint for lack of subject matter jurisdiction. "Motions to dismiss for lack of subject-matter jurisdiction can be decided in three ways: at the pleading stage, like a Rule 12(b)(6) motion; on undisputed facts, like a summary judgment motion; and on disputed facts." *Jessie v. Potter*, 516 F.3d 709, 712 (8th Cir. 2008) (citing *Osborn v. U.S.*, 918 F.2d 724, 728–30 (8th Cir. 1990)). Lack of subject matter jurisdiction cannot be waived, and may be raised at any time by a party to an action or by the court, *sua sponte. Bueford v. Resolution Trust Corp.*, 991 F.2d 481, 485 (8th Cir. 1993). Once raised, the burden of proving subject matter jurisdiction falls on the plaintiff. *V S Ltd. P'ship v. Dep't of Housing & Urban Devel.*, 235 F.3d 1109, 1112 (8th Cir. 2000). Where "a plaintiff lacks standing, the district court has no subject matter jurisdiction." *Fabisch v. Univ. of Minn.*, 304 F.3d 797, 801 (8th Cir. 2002).

In this case, the Court should dismiss Plaintiff's claims for lack of subject matter jurisdiction because Plaintiff has not alleged sufficient facts to plausibly establish that he has standing to sue.

4

**A. Plaintiff lacks standing to assert claims against Defendant.**

Article III of the Constitution limits federal courts to adjudicating actual ongoing "cases" or "controversies." *281 Care Comm. v. Arneson*, 638 F.3d 621, 627 (8th Cir. 2011) (citing *Republican Party of Minn. v. Klobuchar*, 381 F.3d 785, 789–90 (8th Cir. 2004)). "A party invoking federal jurisdiction must show a right to assert a claim in federal court by showing injury in fact, causation, and redressability." *Missouri Roundtable for Life v. Carnahan*, 676 F.3d 665, 672 (8th Cir. 2012) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).

A federal court has subject matter jurisdiction only where an alleged injury "fairly can be traced to the challenged action of the defendant, and not injury that results from the independent action of some third party not before the court." *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 41-42 (1976). Likewise, a "party cannot show an injury in fact by mere 'allegations of possible future injury.'" *Missouri Roundtable*, 676 F.3d at 672 (quoting *Whitmore v. Arkansas*, 495 149, 158 (1990) (punctuation altered from original)). "While a party need not expose himself to actual arrest or prosecution to be entitled to challenge a statute he claims deters his exercise of constitutional rights, he must show that his injury is more than imaginary or speculative." *Id.* (citations and punctuation removed); *see also Lujan*, 504 U.S. at 560-61; *Zanders v. Swanson*, 573 F.3d 591, 593-94 (8th Cir. 2009).

In this case, Plaintiff alleges he is chilled from expressing his constitutionally protected views and experiences because he "fears the imposition of criminal penalties or other punishment by government officials." Doc. 1 ¶¶ 40-41, 50. In

support, Plaintiff points to four Missouri statutes that, according to Plaintiff, are enforced by Defendant. Doc. 1 ¶ 41 (citing Mo. Rev. Stat. §§ 540.320, 540.310, 540.080 & 540.120). However, a close reading of the statutes cited by Plaintiff reveals that Plaintiff's purported fears of criminal prosecution by Defendant are unfounded, and that an injunction entered against Defendant would not redress the injuries alleged by Plaintiff.

Plaintiff claims that sections 540.320, 540.310, 540.080, and 540.120 are "statutes that Defendant enforces." Doc. 1 ¶ 41. However, of the four statutes cited by Plaintiff, only section 540.320 carries criminal penalties enforceable against grand jurors. Mo. Rev. Stat. §§ 540.320, 540.310, 540.080, & 540.120. Indeed, contrary to Plaintiff's allegations, sections 540.080 ("Oath of grand jurors") and 540.310 ("Cannot be compelled to disclose vote") carry no criminal penalties, and thus, are not enforceable by Defendant. Mo. Rev. Stat. §§ 540.080 & 540.310. Likewise, although section 540.120 makes it a class "B" misdemeanor for a *witness* before the grand jury to violate the oath administered pursuant to section 540.110, the statute has nothing to do with enforcing the oath sworn by Plaintiff as a *grand juror* under section 540.080. Mo. Rev. Stat. §§ 540.120, 540.110, & 540.080.

Given that Defendant lacks authority to prosecute Plaintiff under sections 540.310, 540.080, and 540.120, any injuries stemming from those statutes would not be redressed if the Court were to enter an injunction against Defendant. *See Simon*, 426 U.S. at 41-42; *see also Wieland v. U.S. Dep't of Health & Human Services*, 978 F. Supp. 2d 1008, 1014-15 (E.D. Mo. 2013). Indeed, the only statute cited by

6

Plaintiff that restricts grand jurors and also carries a criminal penalty enforceable by Defendant is section 540.320, which makes it a class "A" misdemeanor for a grand juror to "disclose any evidence given before the grand jury, [or] the name of any witness who appeared before them, except when lawfully required to testify as a witness in relation thereto." Mo. Rev. Stat. § 540.320. However, under the circumstances in this case, Plaintiff's fear that he will be prosecuted for disclosing evidence or witnesses under section 540.320 is speculative at best, and thus, insufficient to establish a justiciable "case" or "controversy." *See Missouri Roundtable*, 676 F.3d at 672; *Zanders*, 573 F.3d at 593-94.

Defendant has already released the evidence and testimony given before the grand jury in the Wilson investigation under the Missouri Sunshine Law, and it is not objectively reasonable for Plaintiff to believe Defendant will prosecute him for disclosing the same information. *Cf. 281 Care Comm.*, 638 F.3d. at 631 ("[t]he relevant inquiry is whether a party's decision to chill his speech in light of the challenged statute is objectively reasonable" (quotations omitted)). Indeed, although the information released by Defendant was redacted to protect the identities of witnesses and others involved in the investigation, Plaintiff has not alleged that he wants to disclose any new evidence or reveal the names of any persons that have not already been publicly identified.

"[S]elf-censorship based on mere allegations of a 'subjective' chill resulting from a statute is not enough to support standing . . . and 'persons having no fears of state prosecution except those that are imaginary or speculative, are not to be

7

accepted as appropriate plaintiffs.'" *281 Care Comm.*, 638 F.3d at 627 (quoting *Laird v. Tatum*, 408 U.S. 1, 13-14 (1988), and *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979)) (punctuation altered from original). Accordingly, and absent an allegation that Plaintiff plans to disclose evidence or witnesses that have not previously been disclosed, Plaintiff cannot show he is in any danger of being prosecuted under section 540.320, and his injuries are insufficiently concrete to invoke this Court's jurisdiction under Article III. *Id.*; *see also Simon*, 426 U.S. at 41-42; *Lujan*, 504 U.S. at 560-61; *Missouri Roundtable*, 676 F.3d at 672; *Zanders*, 573 F.3d at 593-94.

### B. Plaintiff's claims against Defendant are not ripe.

In order for a claim to be justiciable, it must be ripe. *281 Care Comm.*, 638 F.3d at 631. Standing and ripeness are sometimes closely related. *Missouri Roundtable*, 676 F.3d at 674 (citing *Johnson v. Missouri*, 142 F3d 1087, 1090 n.4 (8th Cir. 1998)). Unlike standing, however, ripeness is a prudential doctrine that permits a court to avoid deciding issues until the facts in the case have become more fully developed. *Id.* In assessing ripeness, the inquiry focuses on "whether the case involves contingent future events that may not occur as anticipated, or indeed may not occur at all." *Missouri Roundtable*, 676 F.3d at 674 (quotations omitted).

The Court should dismiss Plaintiff's claims against Defendant in this case on ripeness grounds because Plaintiff's claims depend entirely on contingent events that may never occur. Indeed, although Plaintiff claims to fear that Defendant will prosecute him for exercising his First Amendment rights, his fears are unsupported

by any factual allegations. Plaintiff claims that sections 540.320, 540.310, 540.080, and 540.120 are "statutes that Defendant enforces." Doc. 1 ¶ 41. However, as argued above in Part I.A., Defendant lacks authority to prosecute Plaintiff under sections 540.310, 540.080, and 540.120. Moreover, although Defendant retains authority to prosecute Plaintiff under section 540.320, Plaintiff's fears of prosecution are unreasonable given that Plaintiff has not alleged that he plans to disclose evidence or witnesses that have not previously been disclosed.

Given that Plaintiff's claims against Defendant depend entirely upon his alleged fear of a criminal prosecution that may never occur, the Court should dismiss Plaintiff's claims as unripe. *Missouri Roundtable*, 676 F.3d at 674.

**C. The Eleventh Amendment bars Plaintiff's claims.**

The Eleventh Amendment confirms that the fundamental principle of sovereign immunity limits the grant of judicial authority in Article III. *Green v. Mansour*, 474 U.S. 64, 68 (1985). Eleventh Amendment immunity bars actions against a state for both money damages and equitable relief. *Cory v. White*, 457 U.S. 85, 90-91 (1982). Although the Supreme Court's decision in *Ex Parte Young* created an exception to immunity for suits to prevent state officials from taking illegal actions, the exception requires a defendant official to have "some connection with the enforcement of the act, or else it is merely making him a party as a representative of the state, and thereby attempting to make the state a party." *Ex Parte Young*, 209 U.S. 123, 157 (1908). Accordingly, "[a]bsent a real likelihood that [a] state official will employ his supervisory powers against plaintiffs' interests, the

Eleventh Amendment bars federal court jurisdiction." *281 Care Comm. v. Arneson*, 766 F.3d 774, 797 (8th Cir. 2014) (citing *Long v. Van de Kamp*, 961 F.2d 151, 152 (9th Cir.1992)); *see also Reprod. Health Serv. of Planned Parenthood of the St. Louis Region, Inc. v. Nixon*, 428 F.3d 1139, 1145 (8th Cir. 2005).

In this case, as discussed above in Parts I.A. and I.B, Plaintiff has not alleged or demonstrated a real likelihood that Defendant will employ his powers against Plaintiff's claimed interests. Accordingly, the Court lacks jurisdiction over Plaintiff's claims under the Eleventh Amendment. *281 Care Comm.*, 766 F.3d at 797, *Reprod. Health Serv.*, 428 F.3d at 1145.

## II. Plaintiff has not stated a claim upon which relief may be granted.

Unlike a motion to dismiss for lack of subject matter jurisdiction, the facts alleged in the complaint must be accepted as true on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *Schmidt v. Des Moines Pub. Sch.*, 655 F.3d 811, 815 (8th Cir. 2011). To survive such a motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)); *see also L.L. Nelson Enter., Inc. v. County of St. Louis, Mo.*, 673 F.3d 799, 804-05 (8th Cir. 2012).

Plaintiff's purported First Amendment claims against Defendant stem from his alleged fear that Defendant will prosecute Plaintiff for speaking about his

experiences as a grand juror. However, the only statute cited by Plaintiff that restricts grand jurors and also carries a criminal penalty enforceable by Defendant is section 540.320, which prohibits grand jurors from disclosing evidence or the names of witnesses that appear before them. As argued above, Plaintiff has not alleged he wishes to disclose any evidence or witnesses that have not already been disclosed, and thus, his fears of prosecution under section 540.320 are speculative, and his claims against Defendant are not justiciable. However, assuming for the sake of argument that Plaintiff *does* plan to disclose evidence and witnesses that have not previously been made public, the Court should dismiss his claims for failure to state a claim upon which relief may be granted.

"The Grand Jury is an arm of the court and is a body with functions of a judicial nature." *State ex rel. Burke v. Scott*, 262 S.W.2d 614, 618 (Mo. banc 1953). Grand jurors are sworn to secrecy and apprised by the circuit court of their duties under the law to keep their deliberations and their votes secret. *See* Mo. Rev. Stat. §§ 540.080 & 540.330. Proceedings before Missouri grand juries are generally held secret, and the secrecy is intended, among other things, to protect the jurors themselves; to promote a complete freedom of disclosure; to prevent the escape of a person indicted before he may be arrested; to prevent the subornation of perjury in an effort to disprove facts there testified to; and to protect the reputations of persons against whom no indictment may be found. *Mannon v. Frick*, 295 S.W.2d 158, 162 (Mo. 1956); *see also Palmentere v. Campbell*, 205 F. Supp. 261, 264 (W.D. Mo. 1962).

Although disclosure of grand jury materials may be had when required by the general public interest or in the protection of private rights, grand jurors are not permitted to issue reports, and the deliberations, votes, and opinions of grand jurors are forbidden from disclosure. *See In the Matter of Interim Report of the Grand Jury*, 553 S.W.2d 479, 482 (Mo. banc 1977); *In the Matter of the Report of the Grand Jury*, 612 S.W.2d 864, 865-66 (Mo. App. E.D. 1981); *In the Matter of Regular Report of Grand Jury*, 585 S.W.2d 76, 77 (Mo. App. E.D. 1979); *see also Mannon*, 295 S.W.2d at 162; *Palmentere*, 205 F. Supp. at 266 (secrecy imposed upon grand juries has not been relaxed in respect to what was said and done by grand jurors themselves in regard to any indictment or matter under investigation).

In this case, Defendant released the testimony, reports, interviews, photographs, and other materials presented to the grand jury during the Wilson investigation pursuant to the Missouri Sunshine Law. Doc. 1 ¶ 30; *see also* Doc. 1-4. However, Defendant redacted the materials prior to release in order to protect the identities of witnesses and other persons involved in the investigation as required under section 610.100.3. *See* Doc. 1 at Exhibit C; Doc. 1-4.

Plaintiff alleges that the Supreme Court's decision in *Butterworth v. Smith*, 410 U.S. 1 (1973), authorizes him to share information that he learned as a grand juror. Doc. 1 ¶ 2. However, the *Butterworth* decision does not support Plaintiff's position or provide Plaintiff a constitutional justification for violating the prohibition under section 540.320 against disclosing evidence and witnesses before the grand jury. Mo. Rev. Stat. § 540.320.

In *Butterworth*, the Supreme Court held that a witnesses who testified before a Florida grand jury could not be prohibited from disclosing the substance of his testimony after the term of the grand jury had ended. *Butterworth*, 410 U.S. at 626. However, the Supreme Court did not permit the witness to discuss his "experience" before the grand jury, and limited its holding to allow the witness to "divulge information of which he was in possession *before* he testified before the grand jury, *and not information which he may have obtained as a result of his participation in the proceedings of the grand jury.*" *Id.* at 629 n.2, 631-32 (emphasis added).

In this case, unlike in *Butterworth*, Plaintiff proposes to divulge information that he obtained as a direct result of his participation in the Wilson grand jury proceedings. Such information, especially as it relates to evidence and witnesses, is not Plaintiff's to disclose, and would pose a clear and present danger to the persons whose identities remain unknown to the public. Mo. Rev. Stat. § 610.100.3. Moreover, the disclosure of such information would be contrary to Missouri law, and would be counter to the state's interest in promoting a freedom of disclosure before future grand juries. *See, e.g.*, *Mannon*, 295 S.W.2d at 162; *Douglas Oil Co. of California v. Petrol Stops Northwest*, 441 U.S. 211, 222 (1979) ("in considering the effects of disclosure on grand jury proceedings, the courts must consider not only the immediate effects upon a particular grand jury, but also the possible effect upon the functioning of future grand juries"); *see also Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984) (protective order entered by state court was not an impermissible prior restraint on free speech); *Butterworth*, 494 U.S. at 636-37 (loosening grand

jury secrecy risks "subject[ing] grand jurors to a degree of press attention and public prominence that might in the long run deter citizens from fearless performance of their grand jury service" (Scalia, J., concurring)).

Given that Plaintiff cannot show that he has a right under the First Amendment to divulge evidence and witnesses that have not already been disclosed to the public, the Court should dismiss Plaintiff's claims in this case.

## III. The Court should abstain from exercising jurisdiction.

As argued above in Part I.A, Plaintiff lacks standing to assert his claims against Defendant in this case. However, even if the Court had jurisdiction to hear Plaintiff's claims, the Court should abstain from exercising its jurisdiction "in order to preserve 'traditional principles of equity, comity, and federalism.'" *Beavers v. Arkansas State Bd. of Dental Examiners*, 151 F.3d 838, 840 (8th Cir. 1998) (quoting *Alleghany Corp. v. McCartney*, 896 F.2d 1138, 1142 (8th Cir. 1990)).

An injunction is an extraordinary remedy. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). In this case, Plaintiff is requesting the Court to issue an injunction that would threaten the continued health and sound functioning of Missouri's grand jury system. Given the important state issues raised in this case, the Court should abstain from exercising its jurisdiction over Plaintiff's claims. Indeed, abstention is proper under *Younger v. Harris*, 401 U.S. 37 (1971), because the oath sworn by Plaintiff is ongoing, and is subject to the continuing jurisdiction of the St. Louis County Circuit Court where Plaintiff received his charge. *See* Mo. Rev. Stat. §§ 540.080 & 540.330; *Chem. Fireproofing Corp. v. Bronksa*, 553 S.W.2d

14

710, 718 (Mo. App. 1977) ("Contempt proceedings are sue generis and are triable only by the court against whose authority the contempts are charged." (punctuation and citations removed)); *see also Norwood v. Dickey*, 409 F.3d 901, 903-04 (8th Cir. 2005) (abstaining from deciding whether attorney could be required to maintain silence on disciplinary matter).

Abstention is also proper under the Supreme Court's decision in *Railroad Commission v. Pullman Co.*, because the resolution of Plaintiff's First Amendment claims depend upon whether the St. Louis County Circuit Court would hold Plaintiff to his oath, and thus, such claims are "dependent upon, or may be materially altered by, the determination of an uncertain issue of state law." *Harman v. Forssenius*, 380 U.S. 528, 534 (1965) (citing *R.R. Comm'n v. Pullman Co.*, 312 U.S. 496 (1941)).

Where *Younger* abstention is otherwise appropriate, the district court must generally dismiss the action, not stay it pending final resolution of the state court proceedings. *Geier v. Missouri Ethics Comm'n*, 715 F.3d 674, 678 (8th Cir. 2013) (quotations and citation omitted). Accordingly, and for the foregoing reasons, the Court should abstain from exercising jurisdiction over Plaintiff's claims in this case, and dismiss all of Plaintiff's claims.

## **CONCLUSION**

WHEREFORE, for the foregoing reasons, Defendant McCulloch respectfully requests the Court grant his Motion to Dismiss, and any other relief the Court deems fair and appropriate.

15

Respectfully submitted,

**CHRIS KOSTER**,
Attorney General

  /s/ David Hansen
**DAVID HANSEN**
Assistant Attorney General
Missouri Bar No. 40990
Post Office Box 899
Jefferson City, MO  65102
Phone: (573) 751-9635
Fax: (573) 751-2096
David.Hansen@ago.mo.gov

**PETER J. KRANE**
St. Louis County Counselor's Office
Missouri Bar No. 32546
41 South Central Avenue
Clayton, MO  63015
Phone: (314) 615-7042
PKrane@stlouisco.com

**H. ANTHONY RELYS**
Assistant Attorney General
Missouri Bar No. 63190
Assistant Attorney General
Post Office Box 861
St. Louis, MO  63188
Phone: (314) 340-7861
Fax: (314) 340-7029
Tony.Relys@ago.mo.gov

**ATTORNEYS FOR DEFENDANT
ROBERT P. MCCULLOCH**

# CERTIFICATE OF SERVICE

     I hereby certify that on February 9, 2015, the foregoing **Memorandum in Support of Defendant Robert P. McCulloch's Motion to Dismiss** was filed and served via the Court's electronic filing system upon all counsel of record.

                                          /s/ David Hansen
                                          David Hansen
                                          Assistant Attorney General