UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| GRAND JUROR DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:15 CV 6 RWS |
| | ) | |
| ROBERT P. MCCULLOCH, in his official capacity as Prosecuting Attorney for St. Louis County, Missouri, | ) ) ) ) | |
| | ) | |
| Defendant. | ) | |

# **MEMORANDUM AND ORDER**

On May 5, 2015, I dismissed this case. Plaintiff Grand Juror Doe's (Juror)[1] complaint had sought a declaratory judgment that Missouri laws criminalizing Juror's disclosure of information about her experience on a State of Missouri grand jury are unconstitutional as applied. After this case was dismissed, Juror filed a lawsuit in state court seeking the relief she sought in this case as well as asserting two additional state law claims. In her state court petition, however, although she asserts the same constitutional claims she brought in this Court, she does not seek relief on those claims from the state court. Her petition states that she asserts the

---

[1] Plaintiff in this matter has been given permission to proceed under an alias in order to preserve anonymity. I will refer to Juror by the pronouns she and her although whether Juror is male or female is not known.

constitutional claims merely to preserve them to be reasserted in this Court after the conclusion of her state court proceedings.[2]

On June 1, 2015, Juror filed a motion in this case to alter or amend my judgment asking me to stay this case rather than dismiss it. Nothing in Juror's motion changes my abstention analysis. Before I issued my order of May 5, 2015, I carefully considered whether to stay or dismiss this action. I determined that a dismissal is more appropriate under the Burford[3] abstention doctrine based on comity and federalism citing Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 721 (1996) (where the relief being sought is equitable in nature, a federal court may decline to exercise jurisdiction altogether by dismissing the suit). Federal courts may decline to exercise their equitable powers in exceptional circumstances "where denying a federal forum would clearly serve an important countervailing interest." Id. at 716. A court may abstain from exercising its equitable jurisdiction if it determines that "the State's interests are paramount and that a dispute would best be adjudicated in a state forum." Id. at 728. "This equitable decision balances the strong federal interest in having certain classes of cases, and certain federal rights, adjudicated in federal court, against the State's interests in maintaining uniformity in the treatment of an essentially local problem, and retaining local control over

---

[2] If I had chosen to stay this case it would have resulted in a prolonged delay in reaching Juror's constitutional claims. Juror would have had to exhaust all of her available appellate remedies before returning to this Court.
[3] Burford v. Sun Oil Co., 319 U.S. 315 (1943).

2

difficult questions of state law bearing on policy problems of substantial public import." Id. (internal quotations and citation omitted).

Juror's constitutional claims regarding her service as a grand juror concern a fundamental element of how Missouri chooses to maintain, as a sovereign state, the integrity of its criminal court proceedings. I declined to exercise jurisdiction in this declaratory judgment action altogether, in deference to the State of Missouri's administration of its criminal justice system, in order to preserve traditional principles of equity, comity, and federalism. Id. at 718 ("we have recognized that the authority of a federal court to abstain from exercising its jurisdiction extends to all cases in which the court has discretion to grant or deny relief.") Juror should pursue all the claims she has, including the constitutional claims she filed in this Court, in her state court proceeding. As a result, I will deny Juror's motion to alter or amend my judgment.

Accordingly,

**IT IS HEREBY ORDERED that** Plaintiff Grand Juror Doe's motion to alter or amend judgment [46] is **DENIED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of June, 2015.