UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| GRAND JUROR DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:15 CV 6 RWS |
| | ) | |
| ROBERT P. MCCULLOCH, in | ) | |
| his official capacity as Prosecuting | ) | |
| Attorney for St. Louis County, | ) | |
| Missouri, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

Plaintiff Grand Juror Doe (Juror) filed a complaint in this Court seeking a declaratory judgment that Missouri laws criminalizing Juror's disclosure of information about her experience on a State of Missouri grand jury are unconstitutional as applied.  Juror alleged that these Missouri statutes violate her free speech rights under the First Amendment to United States Constitution. Defendant St. Louis County Prosecuting Attorney Robert McCulloch moved to dismiss the complaint on numerous grounds including the doctrine of abstention.

On May 5, 2018, I issued an order granting McCulloch's motion to dismiss based on abstention.  I stated that Juror should address her request to be released

form her oath of secrecy with the State of Missouri.  On June 20, 2018, the United

States Court of Appeals for the Eighth Circuit ruled that instead of complete

abstention I should have stayed Juror's First Amendment claim while Juror

exhausted her state court remedies on state law grounds.  On July 18, 2018, I

issued an order that modified my order of May 5, 2016.  The order stayed Juror's

constitutional claims under Railroad Commission of Texas v. Pullman, 312 U.S.

496 (1941) to be reopened, if necessary, after her state law claims were resolved in

state court.

In the meantime, Juror had filed a petition for relief in state court.  In that

petition she asserted a claim under the First Amendment in addition to state law

claims.  Juror expressly stated in the petition that she did not want the state court to

rule on that claim but was reserving it if her case returned to federal court.  Juror

reserved her First Amendment claim under an England reservation.  England v.

Louisiana State Board of Medical Examiners, 375 U.S. 411, 421-422 (1964)

(allowing a federal claim to be reserved for future litigation in federal court after a

state court has resolved state law claims).

In state court, in addition to her First Amendment claim, Juror sought a

declaration that that section 540.320 RSMo should be interpreted as no longer

being applicable or valid as applied to Juror.  She also sought a declaration from

2

the court that, based on the disclosures in the case by McCulloch, Juror should be released from her oath to keep her grand jury proceedings secret.

The state trial court denied Juror's petition.  The court reasoned that because the state court retains the inherent authority to hold Juror in contempt for violating her obligations as a grand juror, the court had jurisdiction to rule on all of Juror's claims in her petition.  As a result, the court reached Juror's First Amendment claim.  The Missouri Court of Appeals affirmed the decision.

At the conclusion of the state court litigation, Juror returned to this Court and sought to reopen her case for the resolution of her First Amendment claim. Defendant McCulloch filed an opposition to the motion to reopen.

McCulloch argued that the state court appropriately reached the First Amendment issue and that its ruling should be given preclusive effect under the Full Faith and Credit Clause, 28 U.S.C. § 1738.  MCulloch relies on the case of San Remo Hotel, L.P. v. City and County of San Francisco, 545 U.S. 323 (2005) in support of his position.  In that case a federal court stayed the plaintiffs' constitutional takings claims subject to a Pullman abstention.  The plaintiffs attempted to reserve their federal claims when they returned to state court.  After losing in the state court the plaintiffs returned to federal court to reassert their federal takings claims.  The district court dismissed the claims under the Full Faith

and Credit doctrine because the state court had interpreted the relevant substantive state takings law coextensively with the federal law that had been stayed in federal court.  The Supreme Court affirmed that decision.

McCulloch argues that the state trial court performed a similar analysis in the present case.  The trial court stated that the resolution of Juror's state law claims required the court to reach the First Amendment issue because Missouri may not offer fewer protections (under the free speech clause of the Missouri constitution) than is required under the federal constitution.  [Doc. 68-2 p.13 n5]

However, the San Remo decision turned on the fact that the plaintiffs broadened their claims in state court and effectively asked the state court to "resolve the same federal issues they asked it to reserve."  San Remo, 545 U.S. at 341.  The Court stated that an effective reservation of a federal claim under England was dependent upon the plaintiff not taking any action to broaden the state court action beyond the state law issues.  Id. at 340.

In the present case, nothing in the record before me indicates that Juror broadened the scope of her state law claims to include the First Amendment claim she reserved in this Court.  As a result, I will grant Juror's motion to reopen this matter.

Accordingly,

**IT IS HEREBY ORDERED that** Plaintiff Grand Juror Doe's motion to reopen this matter [66] is **GRANTED**.

**IT IS FURTHER ORDERED that** a scheduling conference is set on **July 18, 2018 at 11:00 a.m.** in Courtroom 16 South.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 26th day of June, 2018.