## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| GRAND JUROR DOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case 4:15-cv-6-RWS |
| | ) |
| ROBERT P. MCCULLOCH, in his | ) |
| official capacity as Prosecuting | ) |
| Attorney for St. Louis County, | ) |
| Missouri, | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT'S MEMORANDUM IN SUPPORT
## OF HIS MOTION TO DISMISS

Defendant Robert P. McCulloch ("McCulloch"), by and through counsel, submits this memorandum in support of his motion to dismiss Plaintiff Doe's ("Doe") complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6).

### I.   Introduction

Doe served on the St. Louis County grand jury that declined to indict Officer Darren Wilson after the fatal shooting of Michael Brown in Ferguson, Missouri in 2014. Doc. 1, Complaint, p. 3. Doe filed the instant case on January 5, 2015, bringing a federal First Amendment claim against McCulloch, the elected prosecutor of St. Louis County, alleging that Doe should be excused from her oath of secrecy and from various statutes binding her to secrecy. *Id*. at pp. 1, 9–11.

This Court found that Missouri's grand jury system is an area of "fundamental importance to a sovereign state" and that "[f]ederal intervention would interfere with Missouri's procedures and policies in an area of special state interest." Doc. 44, p. 12. The Court, therefore, abstained from exercising jurisdiction over Doe's claim so that the State of Missouri would have an opportunity to address Doe's request to be released from her oath of secrecy. *Id*. at 15–16; *see also* Doc. 61, pp. 1–2.

Doe then filed her state-court petition in this matter on June 2, 2015, alleging both federal and state claims, but "reserving" her federal claim for litigation in federal court. *See Grand Juror Doe v. Robert P. McCulloch*, No. 15SL-CC01891 (Mo. 21st Cir. Ct. 2015)[1]; *see also Grand Juror Doe v. Robert P. McCulloch*, No. ED105181, 542 S.W.3d 354, 356–57, (Mo.App. E.D. 2017).

On July 16, 2015, McCulloch filed a motion to dismiss the state-court action, pursuant to Missouri Rule of Civil Procedure 55.27(a)(6), arguing that Doe failed to state a claim upon which relief could be granted. *Grand Juror Doe*, 542 S.W.3d at 357.

On December 13, 2016, the state court entered its Order and Judgment dismissing all of Doe's claims—both state and federal—with prejudice. *Id.*;

---

[1]    "The district court may take judicial notice of public records," *Stahl v. U.S. Dept. of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003), and the district court can consider public records in deciding a motion to dismiss. *C.H. Robinson Worldwide, Inc. v. Lobrano*, 695 F.3d 758, 764 (8th Cir. 2012). In Missouri, court records are public records. *Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007).

*see also* Ex. A, Authenticated Copy of State Court's Order and Judgment, pp. 1, 14. Doe appealed, alleging, in part, that the trial court erred in ruling on her federal First Amendment claim. *Grand Juror Doe*, 542 S.W.3d at 360.

On December 12, 2017, the Missouri Court of Appeals affirmed the trial court's judgment, and held that "the trial court had authority to rule on [Doe's federal First Amendment claim]." *Id.* at 366–67.

Doe has now reopened her federal case in order to relitigate her federal First Amendment claim. Doe's claim fails as a matter of law and should be dismissed.

## II.    Legal Standard

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to move for dismissal based upon the plaintiff's failure to state a claim upon which relief can be granted. The purpose of this Rule is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (citing *Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989)).

To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic*

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (citing *Twombly*, 550 U.S. at 555 & n.3). This obligation requires a plaintiff to plead "more than labels and conclusions [or] a formulaic recitation of the elements of a cause of action. . ." *Twombly*, 550 U.S. at 555.

The Eighth Circuit has held that application of the Full Faith and Credit Clause provides an appropriate basis upon which a Rule 12(b)(6) motion to dismiss can be based. *Laase v. Cnty. of Isanti*, 638 F.3d 853, 856 (8th Cir. 2011); *C.H. Robinson Worldwide, Inc. v. Lobrano*, 695 F.3d 758, 762–64 (8th Cir. 2012).[2]

## III.   Argument

### A.   The judgment Doe seeks in this case is precluded by the Full Faith and Credit Clause.

The Full Faith and Credit Clause "has long been understood to encompass the doctrines of res judicata, or 'claim preclusion,' and collateral estoppel, or 'issue preclusion.'" *San Remo Hotel, L.P. v. City and Cnty. of San*

---

[2]     If this Court determines that a motion to dismiss is not procedurally correct, Defendant respectfully requests that the Court treat this instead as a motion for summary judgment. *Hamm v. Rhone-Poulenc Rorer Pharm., Inc.*, 187 F.3d 941, 948 (8th Cir. 1999) (allowing district court to convert motion to dismiss into a motion for summary judgment when it relies on materials outside of the pleadings).

*Francisco*, 545 U.S. 323, 336–38 (2005). The United States Supreme Court has made clear that the Full Faith and Credit Clause applies not only to federal judgments, but also to state-court judgments. *See Allen v. McCurry*, 449 U.S. 90, 96 (1980). The Court reasoned that "res judicata and collateral estoppel not only reduce unnecessary litigation and foster reliance on adjudication, but also promote the comity between state and federal courts that has been recognized as a bulwark of the federal system." *Id.* at 95–96 (citation omitted).

Indeed, federal courts have reaffirmed time and again that they "are not free to disregard" the Full Faith and Credit Clause. *See, e.g., San Remo*, 545 U.S. at 338; *Reagan v. Cnty. of St. Louis*, 2008 WL 250349, *3 (E.D.Mo. Jan. 29, 2008); *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 80–81 (1984) ("It is now settled that a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered."); *Foster v. State of Minn.*, 888 F.3d 356, 358 (8th Cir. 2018) (same).

Here, the state court already decided Doe's federal claim and dismissed it with prejudice. Ex. A, p. 14. Doe is therefore barred by the doctrine of *res judicata* (claim preclusion) from relitigating that claim in this Court.

Moreover, even if, for the sake of argument, the state court should not have formally dismissed Doe's federal claim because Doe made an *England*

5

reservation, Doe's claim nevertheless fails under the doctrine of collateral estoppel (issue preclusion).

### 1.    Claim preclusion (*res judicata*)

The Supreme Court has long recognized that "Congress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so." *Allen,* 449 U.S. at 96. "Missouri courts recognize the doctrine of res judicata." *Reagan*, 2008 WL 250349 at *3. The Missouri Supreme Court has long-held that "[t]he doctrine of res judicata precludes parties from contesting matters that the parties have had a full and fair opportunity to litigate." *Lay v. Lay*, 912 S.W.2d 466, 471 (Mo. banc 1995). This doctrine applies not only to specific claims previously litigated by a party, but also to claims that the party could have raised and litigated previously but failed to do so. *Id*; *see also Chesterfield Village, Inc. v. City of Chesterfield*, 64 S.W.3d 315, 318 (Mo. banc 2002).

Here, the state court entered its Judgment dismissing Doe's federal First Amendment claim with prejudice. Ex. A, p. 14; *Grand Juror Doe*, 542 S.W.3d at 357. Therefore, since the state-court judgment is binding upon this Court pursuant to the doctrine of *res judicata*, Doe is precluded from relitigating her federal First Amendment claim in these proceedings. This Court should so rule.

### 2.    Issue preclusion (collateral estoppel)

"The underlying goal of issue preclusion, also known as collateral estoppel, is to promote judicial economy and finality in litigation." *Liberty Mut. Ins. Co. v. FAG Bearings Corp.*, 335 F.3d 752, 758 (8th Cir. 2003). Therefore, "when an issue of ultimate fact has been determined by a valid judgment, it may not again be litigated between the same parties." *Id.* (citing *King Gen. Contractors v. Reorganized Church of Jesus Christ of Latter Day Saints,* 821 S.W.2d 495, 500 (Mo. banc 1991)); *Brown v. Felsen,* 442 U.S. 127, 139 n. 10 (1979); *Abeles v. Wurdack,* 285 S.W.2d 544, 546 (Mo. 1955) ("A judgment between the same parties on a different cause of action is binding as to the facts actually decided, and necessarily determined in rendering the judgment…").

As explained above, federal courts are required to give preclusive effect to state-court judgments "whenever the courts of the State from which the judgments emerged would do so." *Allen,* 449 U.S. at 96. Thus, this Court should look to Missouri law in determining whether to apply issue preclusion. *See Liberty Mut. Ins. Co.,* 335 F.3d at 758 (citing *Royal Ins. Co. of Am. v. Kirksville Coll. of Osteopathic Med., Inc.,* 304 F.3d 804, 807 (8th Cir. 2002)). Under Missouri law, there are three factors to consider in determining whether to apply this doctrine:

(1) whether the issue decided in the prior adjudication was identical to the issue presented in the present action;

(2) whether the prior adjudication resulted in a judgment on the merits; and

(3) whether the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior adjudication.

*Liberty Mut. Ins. Co.,* 335 F.3d at 758 (citing *King Gen. Contractors,* 821 S.W.2d at 500)).

Here, there can be no dispute that the lawsuit in state court resulted in a judgment on the merits, nor that the parties in the instant case were also parties to the state-court case. *See* Ex. A, pp. 1–14. The second and third factors for collateral estoppel have therefore been satisfied.

The remaining factor has also been satisfied because the issue before this Court is identical to the issue decided by the state court. This Court is tasked with determining whether Missouri's grand jury secrecy statutes as applied to Doe, violate her federal First Amendment rights. Doc. 1, p. 1. The state court was tasked with deciding whether Missouri's grand jury secrecy statutes violate Doe's rights under article I, section 8 of the Missouri constitution. Ex. A, p. 13. The state court pointed out, and the appellate court agreed, that article I, section 8 has been found comparable to the First Amendment, and "any resolution of the issue in favor of McCulloch under Missouri's Constitution would inherently resolve Doe's First Amendment

8

issue, as Missouri's Constitution cannot restrict a person's rights beyond what the First Amendment permits." *Grand Juror Doe*, 542 S.W.3d at 362; Ex. A, pp. 13–14 (citing *State v. Vaughn*, 366 S.W.3d 513, 517 n.3 (Mo. banc 2012); *In the Matter of Interim Report of the Grand Jury*, 553 S.W.2d 479, 482 (Mo. banc 1977); *Mannon v. Frick*, 295 S.W.2d 158, 162–63 (Mo. 1956); and *Clagett v. James*, 327 S.W.2d 278, 283–84 (Mo. banc 1959)).

Thus, "resolution of Plaintiff's state law claims … necessarily require[d] [the State] Court to address the scope of Plaintiff's rights under the First Amendment because Missouri may not offer fewer protections to its citizens than required under the federal constitution." *Grand Juror Doe*, 542 S.W.3d at 361; Ex. A, p. 13 n.5 (citing *Kan. City Premier Apartments, Inc. v. Mo. Real Estate Comm'n*, 344 S.W.3d 160, 170 n.4 (Mo. banc 2011); and *Barber v. Time, Inc.*, 159 S.W.2d 291, 292 (Mo. 1942)). The state court determined that the grand jury secrecy statutes do not violate Doe's rights under the First Amendment or under the Missouri constitution. Ex. A, pp. 12–14.

Therefore, under the doctrine of collateral estoppel, Doe may not relitigate the issue of whether Missouri's grand jury secrecy statutes violate Doe's federal First Amendment rights. That issue has been decided against Doe, and it is dispositive of the instant case. This Court should rule accordingly.

### B.     This Court lacks jurisdiction over Doe's claim.

Federal Rule of Civil Procedure 12(b)(1) permits a party to move to dismiss a complaint for lack of subject matter jurisdiction. "Motions to dismiss for lack of subject-matter jurisdiction can be decided in three ways: at the pleading stage, like a Rule 12(b)(6) motion; on undisputed facts, like a summary judgment motion; and on disputed facts." *Jessie v. Potter*, 516 F.3d 709, 712 (8th Cir. 2008) (citing *Osborn v. U.S.*, 918 F.2d 724, 728–30 (8th Cir. 1990)). Lack of subject matter jurisdiction cannot be waived, and may be raised at any time by a party to an action or by the court, *sua sponte. Bueford v. Resolution Trust Corp.*, 991 F.2d 481, 485 (8th Cir. 1993). Once raised, the burden of proving subject matter jurisdiction falls on the plaintiff. *V S Ltd. P'ship v. Dep't of Housing & Urban Devel.*, 235 F.3d 1109, 1112 (8th Cir. 2000). Where "a plaintiff lacks standing, the district court has no subject matter jurisdiction." *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 801 (8th Cir. 2002).

In this case, the Court should dismiss Doe's claim for lack of subject matter jurisdiction because Doe has not alleged sufficient facts to plausibly establish that she has standing to sue.

### 1. Doe lacks standing to assert claims against McCulloch.

Article III of the Constitution limits federal courts to adjudicating actual ongoing "cases" or "controversies." *281 Care Comm. v. Arneson*, 638 F.3d 621, 627 (8th Cir. 2011) (citing *Republican Party of Minn. v. Klobuchar*, 381 F.3d 785, 789–90 (8th Cir. 2004)). "A party invoking federal jurisdiction must show a right to assert a claim in federal court by showing injury in fact, causation, and redressability." *Mo. Roundtable for Life v. Carnahan*, 676 F.3d 665, 672 (8th Cir. 2012) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)).

A federal court has subject matter jurisdiction only where an alleged injury "fairly can be traced to the challenged action of the defendant, and not injury that results from the independent action of some third party not before the court." *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 41–42 (1976). Likewise, a "party cannot show an injury in fact by mere 'allegations of possible future injury.'" *Mo. Roundtable*, 676 F.3d at 672 (quoting *Whitmore v. Ark.*, 495 U.S. 149, 158 (1990) (punctuation altered from original)). "While a party need not expose himself to actual arrest or prosecution to be entitled to challenge a statute that he claims deters the exercise of his constitutional rights, he must show that his injury is more than imaginary or speculative." *Mo. Roundtable*, 676 F.3d at 672 (citations and punctuation removed); *see*

11

*also Lujan*, 504 U.S. at 560–61; *Zanders v. Swanson*, 573 F.3d 591, 593–94 (8th Cir. 2009).

In this case, Doe alleges she is chilled from expressing her constitutionally protected views and experiences because she "fears the imposition of criminal penalties or other punishment by government officials." Doc. 1, ¶¶ 40–41, 50. In support, Doe points to four Missouri statutes that, according to Doe, are enforced by McCulloch. Doc. 1, ¶ 41 (citing §§ 540.320, 540.310, 540.080, and 540.120, RSMo). However, a close reading of the statutes cited by Doe reveals that her purported fears of criminal prosecution by McCulloch are unfounded, and that an injunction entered against McCulloch would not redress the injuries alleged by Doe.

Doe claims that sections 540.320, 540.310, 540.080, and 540.120, RSMo, are "statutes that Defendant enforces." Doc. 1, ¶ 41. However, of the four statutes cited by Doe, only section 540.320, RSMo, carries criminal penalties enforceable against grand jurors. *See* §§ 540.320, 540.310, 540.080, and 540.120, RSMo. Indeed, contrary to Doe's allegations, sections 540.080 ("Oath of grand jurors") and 540.310 ("Cannot be compelled to disclose vote") carry no criminal penalties, and thus, are not enforceable by McCulloch. §§ 540.080, 540.310, RSMo. Likewise, although section 540.120, RSMo, makes it a class "B" misdemeanor for a *witness* before the grand jury to violate the oath administered pursuant to section 540.110, RSMo, the statute

has nothing to do with enforcing the oath sworn by Doe as a *grand juror* under section 540.080, RSMo. §§ 540.120, 540.110, 540.080 RSMo.

Given that McCulloch lacks authority to prosecute Doe under sections 540.310, 540.080, and 540.120, RSMo, any injuries stemming from those statutes would not be redressed if the Court were to enter an injunction against McCulloch. *See Simon*, 426 U.S. at 41–42. Indeed, the only statute cited by Doe that restricts grand jurors and also carries a criminal penalty enforceable by McCulloch is section 540.320, RSMo, which makes it a class "A" misdemeanor for a grand juror to "disclose any evidence given before the grand jury, [or] the name of any witness who appeared before them, except when lawfully required to testify as a witness in relation thereto." § 540.320, RSMo. However, under the circumstances in this case, Doe's fear that she will be prosecuted for disclosing evidence or witnesses under section 540.320, RSMo, is speculative at best, and thus, insufficient to establish a justiciable "case" or "controversy." *See Mo. Roundtable*, 676 F.3d at 672; *Zanders*, 573 F.3d at 593–94.

McCulloch has already released evidence and testimony given before the grand jury in the Wilson investigation under the Missouri Sunshine Law, and it is not objectively reasonable for Doe to believe McCulloch will prosecute her for disclosing the same information. *Cf. 281 Care Comm.*, 638 F.3d at 631 ("[t]he relevant inquiry is whether a party's decision to chill his

speech in light of the challenged statute is objectively reasonable" (quotations omitted)). Indeed, although the information released by McCulloch was redacted to protect the identities of witnesses and others involved in the investigation, Doe has not alleged that she wants to disclose any new evidence or reveal the names of any persons that have not already been publicly identified.

"[S]elf-censorship based on mere allegations of a 'subjective' chill resulting from a statute is not enough to support standing . . . and 'persons having no fears of state prosecution except those that are imaginary or speculative, are not to be accepted as appropriate plaintiffs.'" *Id.* at 627 (quoting *Laird v. Tatum*, 408 U.S. 1, 13–14 (1988); and *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979)) (punctuation altered from original). Accordingly, and absent an allegation that Doe plans to disclose evidence or witnesses that have not previously been disclosed, Doe cannot show she is in any danger of being prosecuted under section 540.320, RSMo, and her alleged injuries are insufficiently concrete to invoke this Court's jurisdiction under Article III. *281 Care Comm.*, 638 F.3d at 627; *see also Simon*, 426 U.S. at 41–42; *Lujan*, 504 U.S. at 560–61; *Mo. Roundtable*, 676 F.3d at 672; *Zanders*, 573 F.3d at 593–94.

Moreover, even if Doe's fears were sufficiently concrete, they are not redressable by the order she seeks against McCulloch because McCulloch's

authority to enforce section 540.320, RSMo is not exclusive. Rather, the St. Louis County Circuit Court has inherent authority to punish Doe for violating the statute via a contempt proceeding, and such proceedings can occur without McCulloch. *See Smith v. Pace*, 313 S.W.3d 124, 129–30 (Mo. banc. 2010); *see also* Mo. R. Crim. P. 36.01. Thus, a judgment against just McCulloch would not redress Doe's asserted injury of fearing government enforcement of the secrecy statutes. Doe's claim therefore fails as a matter of law. *Mo. Roundtable for Life*, 676 F.3d at 672 ("A party invoking federal jurisdiction must show… redressability.") (citing *Lujan*, 504 U.S. at 560–61).

### 2. Doe's claim against McCulloch is not ripe.

In order for a claim to be justiciable, it must be ripe. *281 Care Comm.*, 638 F.3d at 631. Standing and ripeness are sometimes closely related. *Mo. Roundtable*, 676 F.3d at 674 (citing *Johnson v. Mo.*, 142 F.3d 1087, 1090 n.4 (8th Cir. 1998)). Unlike standing, however, ripeness is a prudential doctrine that permits a court to avoid deciding issues until the facts in the case have become more fully developed. *Mo. Roundtable*, 676 F.3d at 674. In assessing ripeness, the inquiry focuses on "whether the case involves contingent future events that may not occur as anticipated, or indeed may not occur at all." *Id.* (quotations omitted).

The Court should dismiss Doe's claim against McCulloch in this case on ripeness grounds because Doe's claim depends entirely on contingent events

that may never occur. Indeed, although Doe allegedly fears that McCulloch will prosecute her for exercising her First Amendment rights, her fears are unsupported by any factual allegations. Doe claims that sections 540.320, 540.310, 540.080, and 540.120, RSMo, are "statutes that Defendant enforces." Doc. 1, ¶ 41. However, as argued above in Part III.B.1, McCulloch lacks authority to prosecute Doe under 540.310, 540.080, and 540.120, RSMo. Moreover, although McCulloch retains authority to prosecute Doe under section 540.320, RSMo, Doe's fears of prosecution are unreasonable given that she has not alleged that she plans to disclose evidence or witnesses that have not previously been disclosed.

Given that Doe's claim against McCulloch depends entirely upon her alleged fear of a criminal prosecution that may never occur, the Court should dismiss her claim as unripe. *Mo. Roundtable*, 676 F.3d at 674.

### 3.   The Eleventh Amendment bars Doe's claim.

The Eleventh Amendment confirms that the fundamental principle of sovereign immunity limits the grant of judicial authority in Article III. *Green v. Mansour*, 474 U.S. 64, 68 (1985). Eleventh Amendment immunity bars actions against a state for both money damages and equitable relief. *Cory v. White*, 457 U.S. 85, 90–91 (1982). Although the Supreme Court's decision in *Ex Parte Young* created an exception to immunity for suits to prevent state officials from taking illegal actions, the exception requires a defendant official

to have "some connection with the enforcement of the act, or else it is merely making him a party as a representative of the state, and thereby attempting to make the state a party." *Ex Parte Young*, 209 U.S. 123, 157 (1908). Accordingly, "[a]bsent a real likelihood that [a] state official will employ his supervisory powers against plaintiffs' interests, the Eleventh Amendment bars federal court jurisdiction." *281 Care Comm. v. Arneson*, 766 F.3d 774, 797 (8th Cir. 2014) (citing *Long v. Van de Kamp*, 961 F.2d 151, 152 (9th Cir. 1992)); *see also Reprod. Health Serv. of Planned Parenthood of the St. Louis Region, Inc. v. Nixon*, 428 F.3d 1139, 1145 (8th Cir. 2005).

In this case, as discussed above in Parts III.B.1 and III.B.2, Doe has not alleged or demonstrated a real likelihood that McCulloch will employ his powers against Doe's claimed interests. Accordingly, the Court lacks jurisdiction over Doe's claim under the Eleventh Amendment. *281 Care Comm.*, 766 F.3d at 797; *Reprod. Health Serv.*, 428 F.3d at 1145.

### C. Doe cannot show that she has a right under the First Amendment to divulge evidence and witnesses that have not already been disclosed to the public.

Doe's purported First Amendment claim against McCulloch stems from her alleged fear that McCulloch will prosecute her for speaking about her experiences as a grand juror. However, the only statute cited by Doe that restricts grand jurors and also carries a criminal penalty enforceable by McCulloch is section 540.320, RSMo, which prohibits grand jurors from

disclosing evidence or the names of witnesses that appear before them. As argued above, Doe has not alleged the she wishes to disclose any evidence or witnesses that have not already been disclosed, and thus, her fears of prosecution under section 540.320, RSMo, are speculative and unwarranted, and her claim against McCulloch is not justiciable. Moreover, assuming for the sake of argument that Doe *does* plan to disclose evidence and witnesses that have not previously been made public, the Court should dismiss her claim for failure to state a claim upon which relief may be granted.

"The Grand Jury is an arm of the court and is a body with functions of a judicial nature." *State ex rel. Burke v. Scott*, 262 S.W.2d 614, 618 (Mo. banc 1953). Grand jurors are sworn to secrecy and apprised by the circuit court of their duties under the law to keep their deliberations and their votes secret. *See* §§ 540.080, 540.330, RSMo. Proceedings before Missouri grand juries are generally held secret, and the secrecy is intended, among other things, to protect the jurors themselves; to promote a complete freedom of disclosure; to prevent the escape of a person indicted before he may be arrested; to prevent the subornation of perjury in an effort to disprove facts there testified to; and to protect the reputations of persons against whom no indictment may be found. *Mannon*, 295 S.W.2d at 162; *see also Palmentere v. Campbell*, 205 F.Supp. 261, 264 (W.D. Mo. 1962).

Although disclosure of grand jury materials may be had when required by the general public interest or in the protection of private rights, grand jurors are not permitted to issue reports, and the deliberations, votes, and opinions of grand jurors are forbidden from disclosure. *See Interim Report of the Grand Jury*, 553 S.W.2d at 482; *In the Matter of the Report of the Grand Jury*, 612 S.W.2d 864, 865–66 (Mo. App. E.D. 1981); *In the Matter of Regular Report of Grand Jury*, 585 S.W.2d 76, 77 (Mo. App. E.D. 1979); *see also Mannon*, 295 S.W.2d at 162; *Palmentere*, 205 F. Supp. at 266 (secrecy imposed upon grand juries has not been relaxed in respect to what was said and done by grand jurors themselves in regard to any indictment or matter under investigation).

In this case, McCulloch released the testimony, reports, interviews, photographs, and other materials presented to the grand jury during the Wilson investigation, pursuant to the Missouri Sunshine Law. Doc. 1, ¶ 30; *see also* Doc. 1-4. McCulloch redacted the materials prior to release in order to protect the identities of witnesses and other persons involved in the investigation as required under section 610.100.3, RSMo. *See* Doc. 1-3; *see also* Doc. 1-4.

Doe alleges that the Supreme Court's decision in *Butterworth v. Smith*, 494 U.S. 624 (1990), authorizes her to share information that she learned as a grand juror. Doc. 1, ¶ 2. However, the *Butterworth* decision does not

19

support Doe's position or provide her a constitutional justification for violating the prohibition under section 540.320, RSMo, against disclosing evidence and witnesses before the grand jury. § 540.320, RSMo.

In *Butterworth*, the Supreme Court held that a witness who testified before a Florida grand jury could not be prohibited from disclosing the substance of his testimony after the term of the grand jury had ended. *Butterworth*, 494 U.S. at 626. However, the Supreme Court did not permit the witness to discuss his "experience" before the grand jury, and limited its holding to allow the witness to "divulge information of which he was in possession *before* he testified before the grand jury, *and not information which he may have obtained as a result of his participation in the proceedings of the grand jury*." *Id.* at 629 n.2, 631–32 (emphasis added).

In this case, unlike in *Butterworth*, Doe proposes to divulge information that she obtained as a direct result of her participation in the Wilson grand jury proceedings. Such information, especially as it relates to evidence and witnesses, is not Doe's to disclose, and would pose a clear and present danger to the persons whose identities remain unknown to the public. § 610.100.3, RSMo. Moreover, the disclosure of such information would be contrary to Missouri law, and would be counter to the state's interest in promoting a freedom of disclosure before future grand juries. *See, e.g.*, *Mannon*, 295 S.W.2d at 162; *Douglas Oil Co. of Cal. v. Petrol Stops Northwest*, 441 U.S.

211, 222 (1979) ("in considering the effects of disclosure on grand jury proceedings, the courts must consider not only the immediate effects upon a particular grand jury, but also the possible effect upon the functioning of future grand juries"); *see also Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984) (protective order entered by state court was not an impermissible prior restraint on free speech); *Butterworth*, 494 U.S. at 636–37 (loosening grand jury secrecy risks "subject[ing] grand jurors to a degree of press attention and public prominence that might in the long run deter citizens from fearless performance of their grand jury service" (Scalia, J., concurring)).

Given that Doe cannot show that she has a right under the First Amendment to divulge evidence and witnesses that have not already been disclosed to the public, the Court should dismiss her claim in this case.

## IV. Conclusion

WHEREFORE, for all of the foregoing reasons, Doe's claim should be dismissed as a matter of law.

Respectfully submitted,

**JOSHUA D. HAWLEY**,
Attorney General

/s/ *Andrew D. Kinghorn*
Andrew D. Kinghorn, #66006MO
Assistant Attorney General
Post Office Box 861
St. Louis, MO 63188
Phone: 314-340-7861
Fax:  314-340-7029
Andrew.Kinghorn@ago.mo.gov

Peter J. Krane
St. Louis County Counselor's Office
Missouri Bar No. 32546
41 South Central Avenue
Clayton, MO  63015
Phone: (314) 615-7042
PKrane@stlouisco.com

*Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 17th day of September, 2018, the foregoing was filed electronically with the Court to be served upon all parties by operation of the Court's electronic filing system.

<u>/s/ *Andrew D. Kinghorn*       </u>
Andrew D. Kinghorn
Assistant Attorney General