IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

FILED

DEC 13 2016

Joan M. Gilmer
Circuit Clerk,
St. Louis County

| | |
|---|---|
| GRAND JUROR DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case 15SL-CC01891 |
| ) | |
| ROBERT P. MCCULLOCH, in his ) | |
| official capacity as Prosecuting ) | |
| Attorney for St. Louis County, ) | |
| Missouri, ) | |
| ) | |
| Defendant. ) | |

## ORDER AND JUDGMENT

This cause coming to be heard on the motion to dismiss Plaintiff's petition filed by Defendant Robert P. McCulloch, counsel having appeared for both parties and the Court being duly advised in the premises, it is hereby ordered, adjudged, and decreed that Defendant's motion to dismiss is granted, and all of Plaintiff's claims are dismissed with prejudice.

### I. Background.[1]

Plaintiff was a member of the St. Louis County grand jury that declined to indict former Ferguson Police Officer Darren Wilson in the

---

[1] The following facts are taken from the Plaintiff's Petition for Declaratory and Injunctive Relief and from records of prior proceedings in which Plaintiff was either a party or a participant. This Court may take judicial notice of such records. *Envtl. Util., LLC v. Pub. Serv. Comm'n*, 219 S.W.3d 256, 265 (Mo. App. W.D. 2007) ("Courts may take judicial notice of other proceedings when the cases are interwoven or interdependent."); *see also Vogt v. Emmons*, 158 S.W.3d 243, 247 (Mo. App. E.D. 2005) ("A court may take judicial notice of its own records and may take



August 2014 shooting death of Michael Brown. [Petition ¶¶ 8-10]. Plaintiff began her[2] grand jury service on May 7, 2014, when she was sworn and received her charge from the Honorable Carolyn C. Whittington of the St. Louis County Circuit Court. [Petition ¶¶ 8, 41; Defendant's Exhibit A].

Defendant is the elected Prosecuting Attorney for St. Louis County. [Petition ¶ 6]. Not long after Wilson shot Brown on August 9, 2014, Defendant publicly declared his intention to submit the matter to a grand jury for consideration, and on August 20, 2014, Defendant appeared before the grand jury to introduce himself and his staff, explain the situation, and to take questions. [Petition ¶ 15; Defendant's Exhibit B].

Plaintiff's grand jury service was formally extended on September 10, 2014, when she and her fellow grand jurors were again administered the oath and recharged by Judge Whittington for the express purpose of investigating the circumstances of Brown's death. [Defendant's Exhibit C; Petition ¶¶ 9-10, 41].

On November 17, 2014, Judge Whittington denied a request by the grand jury to issue a statement upon the completion of the jury's work.

---

judicial notice of the records of other cases when justice so requires.").

[2] Plaintiff is proceeding in this case under a pseudonym, "Grand Juror Doe," and it is unclear from the Petition whether "Doe" is a man or a woman. The Court will adopt the parties' use female pronouns to refer to Plaintiff.

2

[Defendant's Exhibit D]. Shortly thereafter, on November 24, 2014, the grand jury returned a "no true bill" on all the charges against Officer Wilson, and Plaintiff was discharged from her grand jury service. [Petition ¶¶ 23-24].

On January 5, 2015, Plaintiff filed suit against Defendant in federal court, claiming a right under the First Amendment to be freed from the secrecy imposed by sections 540.320, 540.310, 540.120, and 540.080 of the Missouri Revised Statutes. [Defendant's Exhibit E].

On May 5, 2015, the district court abstained from exercising jurisdiction over Plaintiff's claims, and dismissed her complaint. *See Doe v. McCulloch*, 106 F. Supp. 3d 1007, 1014-15 (Mo. E.D. 2015). However, the Eighth Circuit reversed the district court's dismissal, and ordered the court to stay Plaintiff's First Amendment claims pending the resolution of various state law issues by the Missouri courts, including whether Plaintiff's federal case was brought against the wrong party or filed in the wrong venue. *Doe v. McCulloch*, 835 F.3d 785, 788-89 n.2 (8th Cir. 2016).

Plaintiff filed her Petition in this case on June 2, 2015, claiming that Missouri's grand jury secrecy laws were invalid as applied to her. Plaintiff's Petition alleges three Counts. In Count I, Plaintiff alleges a claim under the First Amendment, and seeks declaratory and injunctive relief barring Defendant from enforcing Missouri's grand jury secrecy laws against her; in Count II, Plaintiff seeks a declaration that section 540.320 of the Missouri

3

Revised Statutes is no longer applicable or valid as applied to Plaintiff; and in Count III, Plaintiff seeks a declaration freeing her from the oath she swore as a grand juror.[3]

## II. Discussion.

Grand juries in Missouri are conducted in secret. See, e.g., *State ex rel. Roe v. Goldman*, 471 S.W.3d 814, 817 (Mo. App. E.D. 2015). Although this is not the first case in Missouri involving the nature and scope of grand jury secrecy, this Court could find no other case in which a grand juror claimed a right to be free from the statutory prohibitions against disclosing information learned during her grand jury service. Accordingly, this case requires the Court to address the nature and scope of a grand juror's right to speak out about her experiences, and the procedure for asserting or preserving such a right, assuming it exists.

### A. Jurisdiction.

Both sides in this case argue this Court lacks jurisdiction to decide all of Plaintiff's claims. On one hand, Plaintiff argues this Court is without jurisdiction to decide her First Amendment claim alleged in Count I because such claim was first asserted in federal court, and has been explicitly

---

[3] This Count notes that in this case, unlike in her federal case, Plaintiff has not challenged the applicability of section 540.120 of the Missouri Revised Statutes, which applies to witnesses, not grand jurors.

4

reserved for federal court by Plaintiff in her Petition, and by the Eighth Circuit in its decision. On the other hand, Defendant argues that this Court should not decide any of Plaintiff's claims because such claims should be addressed to Judge Whittington, the judge who supervised Plaintiff's grand jury.

The Court finds that it has jurisdiction to decide all of Plaintiff's claims in this case. Although this Court agrees that Judge Whittington had exclusive authority to decide issues relating to Plaintiff's grand jury service while the grand jury was seated, this Court cannot agree with Defendant that Judge Whittington remains the only person with authority to address such matters now that Plaintiff's grand jury has completed its service.

Section 540.021 of the Missouri Revised Statutes places grand jurors under the control and supervision of the presiding judge or the presiding judge's designee, but it expressly limits the length of a grand jury's service to six months plus sixty days, at most. §§ 540.021.4 & 540.021.5 RSMo.

In this case, Judge Whittington was designated to control and supervise Plaintiff's grand jury, which served beyond its original six month term in order to complete the Wilson investigation. But Judge Whittington's control and supervision ended on November 24, 2014, when the jury completed its task and was discharged from its service. Accordingly, and although Judge Whittington may retain inherent authority to enforce the

orders she made during Plaintiff's grand jury's service by, for example, holding Plaintiff in contempt were Plaintiff to violate her oath without permission, Plaintiff need not address her claims for prospective relief in this case directly to Judge Whittington in order to have such claims heard or decided.

Plaintiff alleges that sections 540.080, 540,310, and 540.320 of the Missouri Revised Statutes are statutes that Defendant enforces. [Petition ¶ 40]. But Defendant cannot bring criminal charges against grand jurors who violate their oath or disclose their vote, and therefore, a declaratory judgment forbidding Defendant from enforcing sections 540.080 or 540.310 against Plaintiff would have no practical effect. *See Missouri Soybean Ass'n v. Missouri Clean Water Comm'n*, 102 S.W.3d 10, 25 (Mo. banc 2003) ("A declaratory judgment should have a conclusive effect and should lay to rest the parties' controversy."); *Brooks v. Land Clearance for Redevelopment Authority of St. Louis County*, 425 S.W.2d 481, 482-83 (Mo. App. 1968); *see also Schaefer v. Koster*, 342 S.W.3d 299, 300 (Mo. banc 2011).

Further, Plaintiff's claims for relief must be addressed to the Missouri courts, and in particular, to the St. Louis County Circuit Court where Plaintiff served. "Missouri courts have both an inherent power under the constitution to punish for contempt as well as authority to try contempt-of-court cases under the statutory crime of contempt." *Smith v. Pace*, 313

S.W.3d 124, 129-30 (Mo. banc 2010). In this case, the St. Louis County Circuit Court retains inherent authority to hold Plaintiff in contempt for violating the obligations she assumed as a St. Louis County grand juror. *See, e.g., Chemical Fireproofing Corp. v. Bronska*, 553 S.W.2d 710, 718-19 (Mo. App. 1977) ("Contempt proceedings are sui generis and are triable only by the court against whose authority the contempts are charged. No other court may inquire into the charge." (internal punctuation and citations omitted)).

Given that the St. Louis County Circuit Court retains inherent authority to hold Plaintiff in contempt for violating her obligations as a grand juror, Plaintiff may not circumvent such authority by seeking another court's permission to violate her obligations. *Id.*; *see also Douglas Oil*, 441 U.S. at 226 ("in general, requests for disclosure of grand jury transcripts should be directed to the court that supervised the grand jury's activities"); *Camiolo v. State Farm Fire & Cas. Co.*, 334 F.3d 345, 357-59 (3d Cir. 2003) ("Principles of comity and federalism demand that a district court presented with a request to compel the disclosure of any matter occurring before a Pennsylvania investigating grand jury should direct the party to first formally petition the judicial officer who possesses the supervisory authority to grant or deny such access."). As such, this Court finds that Plaintiff's federal lawsuit was filed in the wrong venue, and that this Court has jurisdiction to hear all of Plaintiff's claims.

B. Merits.

Having decided that this Court has jurisdiction to hear all of Plaintiff's claims, this Court now turns to the merits of such claims. Plaintiff does not specify in her Petition what she would like to say, or what evidence or other materials, specifically, she would like to disclose. Rather, Plaintiff alleges generally that she would like to discuss her experience as a grand juror, and she alleges that she would like to use her experience to contribute to the current public dialogue concerning race relations, to educate the public, and to advocate for legislative change. [Petition ¶¶ 33-35].

Plaintiff is seeking an order completely invalidating Missouri's grand jury secrecy laws as applied to her, not an order that allows her to make certain disclosures for certain purposes. As such, Plaintiff's purposes in seeking freedom from Missouri's secrecy laws are not relevant here.

Under normal circumstances Missouri grand jurors are not permitted to make any of the disclosures contemplated by Plaintiff, regardless of their purpose. *See* §§ 540.080, 540.310, 540.320, 540.330 RSMo. Therefore, in order for Plaintiff to succeed, she must explain how her circumstances are unique, and why an exception to the rule of secrecy should be made for her in this case.

Plaintiff acknowledges in her Petition that there is a long tradition of grand jury secrecy, that she swore an oath of secrecy two times, and that

8

Plaintiff has not been released from her oath. [Petition ¶¶ 1, 41-42]. However, Plaintiff argues that her case is exceptional because Defendant's public release of grand jury materials and his statements to the media have undermined Missouri's interest in maintaining secrecy. Plaintiff also contends she should be allowed to speak because Defendant promised that the process would be "as transparent as . . . can be," but that in Plaintiff's view, the information released by Defendant provides only "an appearance of transparency," and does not "fully portray the proceedings before the grand jury." [Petition ¶¶ 14-15, 31].

While Plaintiff may now regret having sworn her oath and accepted her charge, the circumstances identified by Plaintiff are not a sufficient basis upon which to release Plaintiff from her obligation to maintain secrecy.

Missouri law prohibits Plaintiff from sharing her experiences as a grand juror, including how she voted or what was said or discussed during the jury's deliberations, see §§ 540.080 and 540.310 RSMo, and no exception to these prohibitions exists. *See Mannon v. Frick*, 295 S.W.2d 158, 162 (Mo. 1956); *see also In the Matter of Interim Report of the Grand Jury*, 553 S.W.2d 479, 482 (Mo. banc 1977); *State ex rel Clagett v. James*, 327 S.W.2d 278, 283-84 (Mo. banc 1959); *In the Matter of the Report of the Grand Jury*, 612 S.W.2d 864, 865-66 (Mo. App. E.D. 1981); *In the Matter of Regular Report of Grand Jury*, 585 S.W.2d 76, 77 (Mo. App. E.D. 1979).

Nor may Plaintiff disclose the names of witnesses or evidence presented to the grand jury. § 540.320 RSMo. Although disclosure of grand jury materials may be had when required by the public interest or in the protection of private rights, *see Mannon*, 295 S.W.2d at 163, neither exception applies here.

In Missouri, grand jury secrecy is intended to protect the public welfare. *Roe*, 471 S.W.3d at 817. Proceedings are conducted in secret to protect the jurors themselves; to promote a complete freedom of disclosure; to prevent the escape of a person indicted before he may be arrested; to prevent the subornation of perjury in an effort to disprove facts there testified to; and to protect the reputations of persons against whom no indictment may be found. *Id.*; *see also Mannon*, 295 S.W.2d at 162.

Plaintiff argues that Missouri has no interest in continued secrecy in this case because her grand jury has concluded its work and because Defendant has already disclosed much of the information presented to the jury. However, Missouri does not permit the disclosure of grand jury materials simply because a grand jury has concluded its work, and there is no support for Plaintiff's suggestion that the release of some information necessarily requires the release of everything.

Complete transparency is anathema to the very nature of a grand jury, which depends upon secrecy and anonymity for its proper functioning. *See*

10

*Roe*, 471 S.W.3d at 817; *see also Mannon*. 295 S.W.2d at 162; *CBS Inc. v. Campbell*, 645 S.W.2d 30, 33 (Mo. App. E.D. 1983); *Rehberg v. Paulk*, 132 S. Ct. 1497, 1509 (2012); *Illinois v. Abbott & Assoc., Inc.*, 460 U.S. 557, 572-73 (1983); *United States v. Sells Eng'g, Inc.*, 463 U.S. 418, 423-25 (1983); *Douglas Oil*, 441 U.S. at 218-19; *Brandzburg v. Hayes*, 408 U.S. 665, 686-87 (1972); *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 681 (1958). Indeed, even where a grand jury has concluded its work, the state maintains a strong interest in secrecy. *Rehberg*, 132 S. Ct. at 1509; *Douglas Oil*, 441 U.S. at 218-19; *Proctor & Gamble Co.*, 356 U.S. at 681.

The continued secrecy of such grand jury information would be justified by the state's need to encourage the participation of witnesses in future grand juries. *See, e.g.*, *Rehberg*, 132 S. Ct. at 1509; *Douglas Oil*, 441 U.S. at 218-19; *Proctor & Gamble Co.*, 356 U.S. at 681.[4]

It is well-established that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Nevertheless, Plaintiff contends that

---

[4] On March 4, 2015, the United States Department of Justice ("DOJ") issued a report summarizing the evidence against Wilson. The DOJ report, a copy of which is available online at https://www.justice.gov/sites/default/files/opa/press-releases/attachments/2015/03/04/doj_report_on_shooting_of_michael_brown_1.pdf, found that Wilson's use of deadly force was not "objectively unreasonable," and concluded it was not appropriate to present the matter to a federal grand jury for indictment. *Id.* at 5. With the exception of Darren Wilson and Michael Brown, the DOJ redacted the names of all individuals to "safeguard against an invasion of their personal privacy." *Id.* at 6 n.2

11

she has a private right to share her experiences as a grand juror in violation of Missouri law. She contends that such a right may be found in the First Amendment, or alternatively, in article I, section 8 of the Missouri Constitution. However, neither the First Amendment nor the Missouri constitution support Plaintiff's claims in this case.

The grand jury system is deeply rooted in the federal and state courts in the United States, see *Brandzburg*, 408 U.S. at 686-87, and the First Amendment has never been found to permit grand jurors to disclose information learned during the course of their jury service. Although Plaintiff alleges that the Supreme Court's decision in *Butterworth v. Smith*, 494 U.S. 624 (1990), may be read to grant grand jurors a right to speak out about their experiences, this Court disagrees.

In *Butterworth*, the Supreme Court held that a witness who testified before a Florida grand jury could not be prohibited from disclosing the substance of his testimony after the term of the grand jury had ended. *Butterworth*, 410 U.S. at 626. However, the Supreme Court did not permit the witness to discuss his "experience" before the grand jury, and limited its holding to allow the witness to "divulge information of which he was in possession *before* he testified before the grand jury, *and not information which he may have obtained as a result of his participation in the proceedings of the grand jury.*" *Id.* at 629 n.2, 631-32 (emphasis added).

12

As recognized by the district court in its order dismissing Plaintiff's federal lawsuit, this case is "very different" than *Butterworth*. *Doe*, 106 F. Supp. 3d at 1012. Unlike in *Butterworth*, Plaintiff proposes to divulge information that she obtained as a direct result of her participation in the Wilson grand jury proceedings. As such, this case is easily distinguishable from *Butterworth*.

Finally, this Court rejects Plaintiff's contention that the Missouri constitution grants Plaintiff a right to speak out about her experiences as a grand juror or to disclose information or witnesses that have remained secret. Article I, section 8 of the Missouri constitution provides in relevant part that "no law shall be passed impairing the freedom of speech, no matter by what means communicated." Mo. Const. art. I, § 8. However, article I, section 8 has been found comparable to the First Amendment, *see State v. Vaughn*, 366 S.W.3d 513, 517 n.3 (Mo. banc 2012), and there is no reason to believe that the Missouri constitution was meant to give any more rights to grand jurors that were available under federal law.[5] *Cf. Interim Report of the Grand Jury*,

---

[5] The Court notes that even if it lacked jurisdiction to decide Plaintiff's First Amendment claim as alleged in Count I, the resolution of Plaintiff's state law claims in Count II and III would necessarily require this Court to address the scope of Plaintiff's rights under the First Amendment because Missouri may not offer fewer protections to its citizens than required under the federal constitution. *See, e.g.*, *Kansas City Premier Apartments, Inc. v. Missouri Real Estate Comm'n*, 344 S.W.3d 160, 170 n.4 (Mo. banc 2011); *see also Barber v. Time*, Inc., 159 S.W.2d 291, 292 (Mo. 1942).

13

553 S.W.2d at 482; *Mannon*, 295 S.W.2d at 162-63; *Clagett*, 327 S.W.2d at 283-84.

## III. Conclusion.

WHEREFORE, and for all of the foregoing reasons, it is hereby ordered, adjudged, and decreed that Defendant's motion to dismiss is GRANTED, and all of Plaintiff's claims in this case are dismissed with prejudice.

So ordered,

Ellen H. Ribaudo, Circuit Judge

12-13-16

14

```
. . . . . . . . . . . . . . . .  )
                                 ) ss.
COUNTY OF ST. LOUIS              )
```

IN THE
### CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

<u>GRAND JUROR DOE</u>   v.   <u>ROBERT P. MCCULLOCH</u>

Case No. 15SL-CC01891                                       Date <u>April 19, 2018</u>

## AUTHENTICATION CERTIFICATE
[PURSUANT TO ⸥ 490.130 RSMo. & 28 U.S.C. ⸥ 1738]

I, **Joan M. Gilmer**, Circuit Clerk of St. Louis County, State of Missouri, do certify that the papers attached to this certificate are true and correct copies of the originals on file in my office in this action, and that the originals thereof constitute and are a portion of the record of such proceedings in the Circuit Court of St. Louis County. Witness, my hand and official seal, affixed on the day written above.



_____
Joan M. Gilmer, Circuit Clerk

I, the undersigned Judge of the Circuit Court of St. Louis County, State of Missouri, do certify that Joan M. Gilmer, who made and subscribed the attestation above is now, and was at the time of the execution of this certificate the Circuit Clerk of St. Louis County, and as such is the custodian of the records and papers of this court and that the attestation made by her in her official capacity is in proper form, and that her signature on this certificate is genuine. Witness, my hand and official seal, affixed on the day written above.



_____
Hon. Ellen H. Ribaudo, Judge                4-26-18

I, **Joan M. Gilmer**, Circuit Clerk of St. Louis County, State of Missouri, do certify that the Judge whose genuine signature is subscribed to the certificate above is, and at the time of signing same was, a Judge of this Court, duly commissioned, sworn, and acting. Witness, my hand and official seal, affixed on the day written above.



_____
Joan M. Gilmer, Circuit Clerk