UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| GRAND JUROR DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:15 CV 6 RWS |
| | ) | |
| WESELY J. C. BELL,[1] in | ) | |
| his official capacity as Prosecuting | ) | |
| Attorney for St. Louis County, | ) | |
| Missouri, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>MEMORANDUM AND ORDER</u>

Plaintiff Grand Juror Doe (Juror)[2] seeks a declaratory judgment that

Missouri laws criminalizing Juror's disclosure of information about her experience

as a juror on a State of Missouri grand jury are unconstitutional as applied.  Juror

alleges that if these Missouri statutes are enforced it will violate her free speech

rights under the First Amendment to the United States Constitution.  Defendant St.

Louis County Prosecuting Attorney has moved to dismiss the complaint on

numerous grounds.  Because the complaint fails to state a claim I will grant the

---

[1] This case was originally filed against Robert P. McCulloch in his official capacity as the Prosecuting Attorney of St. Louis County, Missouri.  Wesley J. C. Bell recently succeeded Mr. McCulloch as the Prosecuting Attorney of St. Louis County, Missouri.  All of the briefs in this matter were filed before Mr. Bell took office.  As a result, this order will use the term Prosecuting Attorney as the defendant in this action.

[2] Plaintiff in this matter has been given permission to proceed under an alias in order to preserve anonymity.  I will refer to Juror by the pronouns she and her although whether Juror is male or female is not known.

motion to dismiss.

*Background*

Plaintiff Juror began serving as a grand juror for the Circuit Court of St. Louis County on May 7, 2014. That grand jury's term of service was originally set to expire on September 10, 2014. On August 9, 2014, while on duty as a police officer for the City of Ferguson, Officer Darren Wilson shot and killed Michael Brown. Robert McCulloch, the Prosecuting Attorney for St. Louis County at the time, presented the matter to the grand jury to decide whether there was probable cause to believe Officer Wilson violated any Missouri state criminal laws in the death of Mr. Brown. The St. Louis County Circuit Court extended the term of the grand jury from September 10, 2014 to January 7, 2015 to allow the grand jury to consider the Wilson matter.

The Prosecuting Attorney's staff presented evidence regarding the case to the grand jury over a several week period. On November 24, 2014, upon completion of their investigation of the Wilson matter, the grand jury returned a "no true bill" declining to indict Officer Wilson. During his announcement of the grand jury's decision, McCulloch made public statements at a press conference about the jury's investigation and its decision not to issue an indictment. McCulloch also released evidence presented to the grand jury, including

transcripts, reports, interviews, and forensic evidence.  However, the transcripts and documents were redacted in a manner to keep secret the identities of the grand jurors, witnesses, and other persons connected to the investigation.  In addition, McCulloch did not release the votes or deliberations of the grand jury.

Plaintiff Juror's complaint alleges that, from her perspective, the Prosecuting Attorney's presentation of the evidence in the Wilson matter to the grand jury was markedly different from "hundreds of matters presented to the grand jury earlier in its term."  Juror alleges that the "State's counsel" to the grand jury "differed markedly and in significant ways from the State's counsel" in hundreds of previous matters; the investigation had a stronger emphasis on the victim than in other cases; and, the "presentation of the law to which the grand jurors were to apply the facts was made in a muddled and untimely manner."

Juror alleges that McCulloch's statements at the press conference "characterizes the views of the grand jury collectively toward the evidence, witnesses, and the law, in a manner that does not comport with [Juror's] own opinions."

Juror now wants to speak out about her experience as a grand juror and to express opinions about the evidence and the investigation in the Wilson matter in particular, and about other grand jury cases generally for the purpose of

comparison. Juror wants to comment on whether McCulloch's release of records and statements at the press conference accurately reflected the grand jurors' views of the evidence and witnesses in the Wilson matter. Juror also wants to express the view that the evidence and law were presented differently in the Wilson matter than Juror had experienced in other cases presented to the grand jury. Juror asserts that her motivation behind these proposed disclosures is to "aid in educating the public about how grand juries function" and to use Juror's "own experiences to advocate for legislative change to the way grand juries are conducted in Missouri."

Juror alleges that four State of Missouri statutes have a "chilling effect" which imposes a limitation on her speech. The statutes cited by Juror are Missouri Revised Statutes sections 540.080, 540.120, 540.310, and 540.320. Juror seeks a declaratory judgment that "Missouri laws criminalizing speech by [Juror], about [Juror's] experiences as a state grand juror for the investigation of the [Wilson matter], are unconstitutional as applied." Juror asserts that her free speech rights under the First Amendment to the United States Constitution override the oath of secrecy she took as a grand juror, and, as a result, void any Missouri state statute which would criminalize Juror's proposed speech regarding the grand jury's proceedings.

The Prosecuting Attorney moved to dismiss the complaint on several

grounds, including the doctrine of abstention.  I granted the motion to abstain to

allow Juror to seek relief in state court on state law grounds to avoid the necessity

of ruling her federal First Amendment claim.[3]  This case was stayed until Juror

resolved her state law claims.

Juror subsequently filed a lawsuit in the St. Louis County Circuit Court

seeking declaratory and injunctive relief which the circuit court denied. [Doc. # 8,

Ex. A, Grand Juror Doe v, McCulloch, No. 15SL-CC01891 (Mo. Cir. Ct.

December 13, 2016)]  Juror's state court petition alleged three counts.  [Doc. # 89,

Ex. A, Pl.'s Pet.]  In Count I, she alleged a claim under the First Amendment of the

United States Constitution, the same cause of action she asserted in this Court.  In

Count II, Juror sought a declaration that § 540.320 R.S.Mo.,[4] (a statute that bars

grand jurors from revealing evidence presented to the grand jury or the name of

any witness who appeared before them), was no longer applicable or valid as

applied to Juror.  In Count III, Juror sought a court order declaring that Juror is

relieved from the oath she took, under § 540.080 R.S.Mo., to keep the grand jury

---

[3] Burford v. Sun Oil Co., 319 U.S. 315, 333 n.29 (1943) ("It is particularly desirable to decline to exercise equity jurisdiction when the result is to permit a State court to have an opportunity to determine questions of State law which may prevent the necessity of decision on a constitutional question.").

[4] That section states that:
> No grand juror shall disclose any evidence given before the grand jury, nor the name of any witness who appeared before them, except when lawfully required to testify as a witness in relation thereto; nor shall he disclose the fact of any indictment having been found against any person for a felony, not in actual confinement, until the defendant shall have been arrested thereon. Any juror violating the provisions of this section shall be deemed guilty of a class A misdemeanor.

§ 540.320 R.S.Mo.

proceedings secret.  Juror expressly stated in the petition that she did not want the state court to rule her First Amendment claim and that she was reserving that claim in the event she returned to federal court.  Juror reserved her First Amendment claim under an England reservation.  England v. Louisiana State Board of Medical Examiners, 375 U.S. 411, 421-422 (1964) (allowing a federal claim to be held in abeyance and reserved for future litigation in federal court after a state court has resolved state law claims).

In her state court petition Juror asserted that her speech regarding her experiences and opinions about her grand jury service was chilled by three Missouri statutes.[5]  She alleged that the three statutes, sections 540.080, 540.310 and 540.320 of the Missouri Revised Statutes, are statutes that the Prosecuting Attorney enforced.  The circuit court ruled that a declaratory judgment forbidding the Prosecuting Attorney from enforcing § 540.080 (the oath of secrecy the grand jurors take)[6] and § 540.310 (a statute providing that no grand juror be obliged or allowed to declare how grand jurors voted or what opinions were expressed by any

---

[5] Juror did not challenge §540.120 R.S. Mo. in her state court petition.

[6] This statue provides the oath taken by grand jurors as follows:
> Grand jurors may be sworn in the following form:
> Do you solemnly swear you will diligently inquire and true presentment make, according to your charge, of all offenses against the laws of the state committed or triable in this county of which you have or can obtain legal evidence; the counsel of your state, your fellows and your own, you shall truly keep secret? You further swear that you will present no one for any hatred, malice or ill will; neither will you leave unpresented any one for love, fear, favor or affection, or for any reward or the hope or promise thereof, but that you will present things truly as they come to your knowledge, to the best of your understanding, according to the laws of this state, so help you God.
§ 540.080 R.S.Mo.

grand juror about the issues before them)[7] would be have no practical effect

because the Prosecuting Attorney cannot bring criminal charges for a violation of

those statutes. The circuit court concluded that any claim for relief under those

statutes must be addressed to the St. Louis County Circuit Court which has the

inherent power to punish for contempt and to try contempt-of-court cases. [Doc. #

8, Ex. A, Grand Juror Doe v, McCulloch, No. 15SL-CC01891 at 6.] Moreover, the

circuit court found that Juror's desire to reveal her experiences as a grand juror,

including how she voted or what she said or discussed during jury deliberations,

did not fall within any exception to the long tradition of grand jury secrecy.[8] Juror

contended that the Prosecuting Attorney's disclosure of some grand jury

information freed from her oath of secrecy. The circuit court found that the release

of some grand jury information did not "necessarily require the release of

everything." [Id. at 10] The circuit court stated that '[c]omplete transparency is an

anathema to the very nature of a grand jury, which depends upon secrecy and

anonymity for its proper functioning." [Id.] The circuit court concluded that Juror

---

[7] This statute provides:

> No member of a grand jury shall be obliged or allowed to testify or declare in what manner he or any other member of the grand jury voted on any question before them, or what opinions were expressed by any juror in relation to any such question.

§ 540.310 R.S.Mo.

[8] One exception is found in § 540.300 R.S.Mo:

> Members of the grand jury may be required by any court to testify whether the testimony of a witness examined before such jury is consistent with or different from the evidence given by such witness before such court. They may also be required to disclose the testimony given before them by any person, upon a complaint against such person for perjury, or upon his trial for such offense.

was not entitled to a declaratory judgment that § 540.320 was no longer applicable or valid as applied to Juror.

Because the basis of Juror's claims in her petition was the "chilling effect" on her speech imposed by Missouri law, the circuit court addressed her claim as a violation of the free speech guarantee of Article I, § 8 of the Missouri Constitution. The circuit court also considered this claim in light of the First Amendment of the United States Constitution because Article 1, § 8 has been found to be comparable to the First Amendment. [Id. at 11] In its free speech analysis, the circuit court stated that the grand jury system was "deeply rooted in federal and state courts [] and that the First Amendment has never been found to permit grand jurors to disclose information learned in the course of their grand jury service." [Id. at 12]. The circuit court noted that "grand jury secrecy is intended to protect the public welfare." [Id. at 10]. The circuit court found that Juror's grounds for relief did not fall under a statutory exception that allows the disclosure of grand jury materials when required by the public interest or in the protection of private rights.[9] [Id.] As a result, the circuit court rejected Juror's claims for relief based on both the Missouri Constitution and on the First Amendment.

The Missouri Court of Appeals affirmed the circuit court's decision. [Doc. #

---

[9] See § 540.300 R.S.Mo. supra.

89, Ex. B. <u>Grand Juror Doe v. McCulloch</u>, No. ED 105181 (Mo. Ct. App.

December 12, 2017)]  The court of appeals held that any declaratory or injunctive

relief preventing the Prosecuting Attorney from enforcing §§ 540.080 and 540.310

should be denied because they would not have a conclusive effect.  Despite an

injunction against the Prosecuting Attorney regarding these statutes, the St. Louis

County Circuit Court could enforce any violation of the statutes through contempt

proceedings.  In addition, the court of appeals found that Juror waived her right to

preserve her First Amendment claim under <u>England</u> because her claim under

Article I, § 8 of the Missouri Constitution Article by necessity encompassed her

claim under the First Amendment.  The court of appeals found that the circuit court

properly analyzed Juror's grounds for relief and affirmed the dismissal of Juror's

lawsuit.

At the conclusion of the state court litigation, Juror returned to this Court

and sought to reopen her case for the resolution of her First Amendment claim.

The Prosecuting Attorney argued that this case should not be reopened because the

state courts appropriately reached the First Amendment issue and that their rulings

should be given preclusive effect under the Full Faith and Credit Clause, 28 U.S.C.

§ 1738.  Because nothing in the record in the present case indicated that Juror

broadened the scope of her state law claims to include the First Amendment claim

she reserved in this Court, I granted Juror's motion to reopen this matter.

Subsequently, the Prosecuting Attorney filed an amended motion to dismiss. The Prosecuting Attorney moves to dismiss based on: (1) the preclusive effect of the state courts' proceedings; (2) lack of Juror's standing to sue for relief; (3) Juror's claim is not ripe; (4) sovereign immunity; and (5) failure to state a right under the First Amendment.

*Full Faith and Credit*

I have already rejected the assertion that Juror's First Amendment claim is precluded in my ruling of Juror's motion to reopen. <u>See</u> <u>Grand Juror Doe v. McCulloch</u>, 4:15 CV 6 RWS (Doc. # 67 filed April 16, 2018). Juror preserved her <u>England</u> motion and, as a result, the state courts' proceedings do not preclude her First Amendment claim in this Court.

*Standing*

The Prosecuting Attorney argues that Juror does not have standing to assert her First Amendment claim. A plaintiff establishes Article III standing by showing that: (1) she has suffered an injury in fact that is actual or imminent; (2) the injury is fairly traceable to the challenged action of the defendant and not the result of some independent action of a third party not before the court; and (3) it is likely that the injury will be redressed by a favorable decision. <u>Lujan v. Defenders of</u>

Wildlife, 504 U.S. 555, 560–561 (1992) (internal quotations and citation omitted)

Juror seeks a declaratory judgement that four Missouri statutes, §§ 540.080, 540.120, 540.310, and 540.320 chill her right to free speech under the First Amendment. The Prosecuting Attorney asserts that any injuries stemming from three of these statutes, §§ 540.080, 540.120, 540.310, cannot be redressed through the granting of an injunction. I agree. Section 540.120 does not apply to Juror, it only prevents witnesses who appeared before the grand jury from violating an oath of secrecy imposed by § 540.110. Neither § 540.080 (the grand juror oath of secrecy) nor § 540.310 (jurors not allowed to reveal how any member of grand jury voted on any question or opinions expressed on any question) provide for criminal penalties. As a result, they are not enforceable by the Prosecuting Attorney acting unilaterally. To the contrary, the authority to enforce these statutes lies with the St. Louis County Circuit Court through its powers of contempt. See Doc. # 89, Ex. B. Grand Juror Doe v. McCulloch, No. ED 105181 at 7. Any declaration or injunctive relief issued by the Court against the Prosecuting Attorney would not resolve the potential injury Juror faces from state court contempt proceedings. See Simon v. E. Kentucky Welfare Rights Org., 426 U.S. 26, 41–42 (1976) ("[A] federal court [can] act only to redress injury that fairly can be traced to the challenged action of the defendant, and not injury that results from the independent

action of some third party not before the court."). As a result, an injunction as to these three statutes is not a definitive and appropriate form of relief.

The Prosecuting Attorney also argues that Juror does not have standing to seek injunctive relief for her First Amendment claim challenging the enforcement of § 540.320 (the disclosure of evidence and witness names revealed during the grand jury proceeding). This statute does make its violation a class A misdemeanor which is enforced by Prosecuting Attorney. To establish standing "a party need not expose himself to actual arrest or prosecution to be entitled to challenge a statute that he claims deters the exercise of his constitutional rights [but] he must show that his injury is more than imaginary or speculative. Missouri Roundtable for Life v. Carnahan, 676 F.3d 665, 672 (8th Cir. 2012) (internal quotations and citations omitted). There is not any evidence before me that a grand juror has ever violated § 540.320, nevertheless not been prosecuted for such a violation. Juror's fear of prosecution is not speculative or imaginary, especially in light of the possibility of being held in contempt in addition to being subject to criminal prosecution. (This possibility is especially heightened by the fact that her lawsuit for injunctive relief in state court was dismissed.) As a result, Juror has standing to bring this claim.

*Ripeness*

The Prosecuting Attorney asserts that Juror's claim under for injunctive relief is not ripe. In assessing ripeness, a court focuses on whether a case involves "contingent future events that may not occur as anticipated, or indeed may not occur at all," Missouri Roundtable for Life, 676 F.3d at 674 (internal quotation and citation omitted). The Prosecuting Attorney argues that Juror's claim is not ripe because she has not alleged that she plans to disclose evidence or witnesses that have not been previously disclosed. However, § 540.320 does not state that Juror is free to confirm that any previously disclosed evidence or witness name is correct. Moreover, in her complaint Juror asserts that she would like to reveal her opinions about the evidence and the investigation of the Wilson matter. She also asserts that the she wants to express her opinion how the evidence in the Wilson matter was presented differently than in hundreds of other grand jury matters. Such opinions by necessity would imply that Juror would reveal evidence beyond that revealed by McCulloch as well as revealing evidence in hundreds of other grand jury proceedings. Juror has asserted sufficient facts in her complaint to establish that her claim is ripe.

*Eleventh Amendment*

The Prosecuting Attorney asserts that Juror's claims are barred by the Eleventh Amendment to the United States Constitution. The Eleventh Amendment bars suits in federal court against a state by its own citizens.  Board of Trustees of University of Alabama v. Garrett, 531 U.S. 356, 363 (2001).  Eleventh Amendment immunity extends to state agencies which are considered an arm of the State.  Gibson v. Arkansas Dept. of Correction, 265 F.3d 718, 720 (8th Cir. 2001).  A suit against a state employee in his official capacity is a suit against the State of Missouri. Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir.1995).

The Prosecuting Attorney argues a county prosecutor is acting as an officer of the state when conducting criminal prosecutions of state law.  State ex rel. Jackson Cty. Prosecuting Attorney v. Prokes, 363 S.W.3d 71, 85 (Mo. Ct. App. 2011)  ("a prosecuting attorney in a criminal case acts as a quasi-judicial officer representing the people of the State.").  The Prosecuting Attorney asserts that because Juror has not alleged sufficient facts to show that she is imminently likely to be prosecuted if she breaks her vow of secrecy, the Eleventh Amendment bars jurisdiction in federal court.  Care  Comm. v. Arneson, 766  F.3d  774, 797 (8th Cir. 2014)( "[a]bsent  a  real  likelihood  that  [a]  state  official  will  employ  his

supervisory powers against plaintiffs' interests, the Eleventh Amendment bars federal court jurisdiction."

Juror counters that the Prosecuting Attorney is an employee of St. Louis County, a municipality, and cannot invoke Eleventh Amendment immunity. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 124 n.34 (1984) ("the Eleventh Amendment does not apply to counties and similar municipal corporations.") (internal quotations omitted). Juror argues that even if the Prosecuting Attorney is deemed a state actor, Eleventh Amendment immunity would not apply because Juror seeks prospective relief. Missouri Prot. & Advocacy Servs., Inc. v. Carnahan, 499 F.3d 803, 807 (8th Cir. 2007) ("A State's Eleventh Amendment immunity does not bar a suit against a state official to enjoin enforcement of an allegedly unconstitutional statute, provided that such officer [has] some connection with the enforcement of the act.") (internal quotations and citations omitted). Assuming that the Prosecuting Attorney is a state actor, Juror may still obtain the injunctive relief of barring the Prosecuting Attorney from enforcing § 540.320. Because Juror has alleged her speech is chilled by that statute and there is no indication that the Prosecuting Attorney would not pursue prosecuting Juror for disclosing grand jury proceedings evidence and witnesses, I find that Juror's First Amendment claim is not barred by the Eleventh Amendment.

*First Amendment Claim*

Juror seeks a declaratory judgment that Missouri laws criminalizing her

speech about her experience as a state grand juror are unconstitutional as applied to

Juror.  She moves to enjoin the Prosecuting Attorney from enforcing those laws.

Juror argues that the threat she may be prosecuted for revealing information she

obtained while serving as a grand juror imposes an unconstitutional burden on her

free speech rights under the First Amendment.

> The First Amendment, applicable to the States through the
> Fourteenth Amendment, prohibits the enactment of "laws abridging
> the freedom of speech." U.S. Const., Amdt. 1. Under that Clause, a
> government, including a municipal government vested with state
> authority, has no power to restrict expression because of its message,
> its ideas, its subject matter, or its content.  Content-based laws—those
> that target speech based on its communicative content—are
> presumptively unconstitutional and may be justified only if the
> government proves that they are narrowly tailored to serve compelling
> state interests.
>    Government regulation of speech is content based if a law
> applies to particular speech because of the topic discussed or the idea
> or message expressed. This commonsense meaning of the phrase
> "content based" requires a court to consider whether a regulation of
> speech "on its face" draws distinctions based on the message a
> speaker conveys.

Reed v. Town of Gilbert, Ariz., 135 S. Ct. 2218, 2226–27 (2015) (internal

quotations and citations omitted).  Furthermore, a statute regulating speech is

content based if it requires "enforcement authorities to examine the content of the

message that is conveyed to determine whether a violation has occurred."

<u>McCullen v. Coakley</u>, 134 S. Ct. 2518, 2531, (2014) (internal quotations and citations omitted).  Because a purported violation of § 540.320 by Juror would necessarily require the Prosecuting Attorney to examine the content of Juror's speech, the statute is content based. [10]  Accordingly, a balance must be struck between Juror's First Amendment rights and Missouri's interest in preserving the confidentiality of its grand jury proceedings.  <u>See</u> <u>Butterworth v. Smith</u>, 494 U.S. 624, 631 (1990)

On the one hand, conducting grand jury proceedings in secret is a longstanding and important tradition in the American criminal justice system.  On the other hand, free speech is a fundamental right expressly preserved by the First Amendment.  As fundamental a right as free speech is, however, it is not unlimited and unqualified.  The United States Supreme Court has observed that "[t]he societal value of speech must, on occasion, be subordinated to other values and considerations."  <u>Dennis v. United States</u>, 341 U.S. 494, 503-504 (1951).

*The tradition of grand jury secrecy*

The use of grand juries has been a part of American law since the founding of our country.  The United States Supreme Court has noted that:

> The grand jury has always occupied a high place as an instrument of justice in our system of criminal law—so much so that it

_____

[10] In my first order dismissing this matter [Doc # 44] I opined that a grand juror's oath of secrecy is not a prohibition of speech based on content.  Upon further reflection, Missouri's statute § 540.320 is based on content.

is enshrined in the Constitution. It serves the dual function of determining if there is probable cause to believe that a crime has been committed and of protecting citizens against unfounded criminal prosecutions. It has always been extended extraordinary powers of investigation and great responsibility for directing its own efforts…

These broad powers are necessary to permit the grand jury to carry out both parts of its dual function. Without thorough and effective investigation, the grand jury would be unable either to ferret out crimes deserving of prosecution, or to screen out charges not warranting prosecution.

The same concern for the grand jury's dual function underlies the long-established policy that maintains the *secrecy* of the grand jury proceedings in the federal courts …

Grand jury *secrecy*, then, is as important for the protection of the innocent as for the pursuit of the guilty. Both Congress and this Court have consistently stood ready to defend it against unwarranted intrusion. In the absence of a clear indication in a statute or Rule, we must always be reluctant to conclude that a breach of this *secrecy* has been authorized.

United States v. Sells Engineering, Inc., 463 U.S. 418, 423-425 (1983) (emphasis added) (internal quotations and citation omitted).

The United States Supreme Court has also recognized that the secrecy of grand jury proceedings serves as an important governmental interest.

We consistently have recognized that the proper functioning of our grand jury system depends upon the *secrecy* of grand jury proceedings. In particular, we have noted several distinct interests served by safeguarding the *confidentiality* of grand jury proceedings. First, if preindictment proceedings were made public, many prospective witnesses would be hesitant to come forward voluntarily, knowing that those against whom they testify would be aware of that

testimony. Moreover, witnesses who appeared before the grand jury would be less likely to testify fully and frankly, as they would be open to retribution as well as to inducements. There also would be the risk that those about to be indicted would flee, or would try to influence individual grand jurors to vote against indictment. Finally, by preserving the *secrecy* of the proceedings, we assure that persons who are accused but exonerated by the grand jury will not be held up to public ridicule."

Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S. 211, 218–219 (1979) (emphasis added) (footnotes and citation omitted).

As the Court in Douglas confirmed, it is well established that there are compelling state interests in favor of preserving the secrecy of grand jury proceedings. However, grand juries are also expected to "operate within the limits of the First Amendment, as well as other provisions of the Constitution." Butterworth, 494 U.S. at 631 (internal quotation and citation omitted).

Juror cites to the Butterworth case in her complaint and relies on it in her opposition to the motion to dismiss. However, the free speech rights at issue in this case are very different than those in Butterworth. In that case a grand jury was investigating alleged improprieties committed by county officials in Florida. A newspaper reporter had obtained information about the alleged improprieties while writing a series of newspaper articles. The reporter was called to testify before the grand jury. After the grand jury investigation was terminated, the reporter wanted to publish a news story and possibly a book about the subject matter of the

investigation which would include his own testimony before the grand jury.[11]  A

Florida statute barred grand jury witnesses from disclosing their testimony before

the grand jury (with certain exceptions not applicable to the case).  A violation of

the statute was a misdemeanor in the first degree.  The reporter sought a

declaratory judgment that the statute unconstitutionally abridged his speech and

sought to enjoin the State from prosecuting him.  The Supreme Court held that

"insofar as the Florida law prohibits a grand jury witness from disclosing *his own*

*testimony after the term of the grand jury has ended*, it violates the First

Amendment to the United States Constitution."  Id. at 626. (emphasis added).

However, the decision turned on a very specific aspect of the case.  The Court

stated that it was dealing "only with respondent's right to divulge information of

which *he was in possession before he testified* before the grand jury, *and not*

*information which he may have obtained as a result of his participation in the*

*proceedings of the grand jury*."  Id. at 632 (emphasis added).

    Unlike the grand juror witness in Butterworth, the speech Juror wants to

disseminate is not limited to information Juror possessed before her grand jury

service.  Juror wants to speak out about her experience as a grand juror.  She wants

to express her opinions about the evidence and the investigation in the Wilson

---

[11] The witness had also sought to divulge his "experience" before the grand jury.  The Court declined to address this undefined request because the lower court's holding was limited to the issue of "testimony before the grand jury". Butterworth, 494 U.S. 629, n.2 (internal quotation omitted).

matter in particular and about hundreds of other grand jury cases generally for the purpose of comparison.  Juror seeks to comment on whether McCulloch's release of records and statements at the press conference accurately reflected the grand jurors' views of the evidence and witnesses in the Wilson matter.  Juror also wants to express the view that the evidence and law were presented differently in the Wilson matter than Juror had experienced in other matters presented to the grand jury.  Juror asserts that her motivation behind these proposed disclosures is to "aid in educating the public about how grand juries function" and to use Juror's "own experiences to advocate for legislative change to the way grand juries are conducted in Missouri."

Allowing Juror to reveal the information she gained during her grand jury service would be undermine the proper functioning of the Missouri grand jury system which depends upon the secrecy of grand jury proceedings.  If Juror is allowed to reveal the votes or opinions expressed by other grand jurors in the Wilson matter, her views may be subject to debate.  Other grand jurors on the Wilson panel may disagree with Juror's representations.  They would be forced into a dilemma between revealing their identity to publically challenge Juror's representations or to remain anonymous (as they were promised) and let Juror's unfounded representations go unchallenged.  Juror's request is not limited to the

Wilson matter. She may reveal the votes and opinions of her fellow grand jurors in hundreds of other matters in order to make a comparison to the Wilson matter. Juror also seeks to disclose the evidence, and how it was presented, in the Wilson matter in comparison to the other matters presented to the grand jury.

Moreover, Juror does not set any limit to her request. She would be free to reveal the names of the other grand jurors on her panel and the names of witnesses not only from Wilson matter but from hundreds of other grand jury matters. The revelation of witness names and the identity of the grand jury members may subject these citizens to the very dangers the tradition of secrecy is in place to prevent. If the names of witnesses and grand jurors are allowed to be revealed after the grand jury's term is complete, many witnesses would be hesitant to testify candidly and jurors would be reluctant to deliberate openly for fear of retribution by the targets of the investigation or by the public at large.

Juror may also reveal the names of people who were not indicted which defeats a fundamental reason for the secrecy of grand jury proceedings. All of these concerns impose on the rights of those involved in grand jury proceedings and can be can be protected by maintaining the secrecy of the proceedings.

*Grand jurors take an oath as members of the grand jury to keep grand jury proceedings secret*

All grand jury members take an oath of secrecy regarding their service on a

grand jury. That oath is found in section 540.080 R.S.Mo. which states:

> Grand jurors may be sworn in the following form:
> "Do you solemnly swear you will diligently inquire and true
> presentment make, according to your charge, of all offenses against
> the laws of the state committed or triable in this county of which you
> have or can obtain legal evidence; the counsel of your state, your
> fellows and your own, you shall truly keep secret? You further swear
> that you will present no one for any hatred, malice or ill will; neither
> will you leave unpresented any one for love, fear, favor or affection,
> or for any reward or the hope or promise thereof, but that you will
> present things truly as they come to your knowledge, to the best of
> your understanding, according to the laws of this state, so help you
> God."

A St. Louis County Circuit judge required the grand jurors in this case to
take the oath twice – both at the beginning of their service and again when the
grand jury's term was extended. [12]

Juror freely undertook this oath to keep the information she gained as a
grand juror secret. By taking this oath she agreed to surrender her First
Amendment right to reveal the details of her grand jury service. Juror can keep her
oath and still pursue her goal to educate the public about how grand juries function
and to advocate for legislative change to the way grand juries are conducted in
Missouri.

**Conclusion**

The evidence presented to a grand jury, the witness names, the grand juror

_____
[12] On May 7, 2014 and on September 10, 2014.

names, and the way a prosecutor presents her evidence are all types of information that are obtained as a result of a grand juror's participation in the proceedings of the grand jury. The balancing of Juror's desire to reveal this information and Missouri's interest in preserving the confidentiality of its grand jury proceedings weighs in favor of Missouri's interest. Missouri has a compelling governmental interest in keeping this information secret. The imposition of secrecy is narrowly tailored to serve Missouri's compelling interest in the confidentiality of its grand jury proceedings.

Accordingly,

**IT IS HEREBY ORDERED that** Defendant Prosecuting Attorney's motion to dismiss [79] is **GRANTED**.

**IT IS FURTHER ORDERED that** Plaintiff Grand Juror Doe's motion for referral to mediation [91] is **DENIED**.

**IT IS FURTHER ORDERED that** Plaintiff Grand Juror Doe's motion to substitute Wesley J. C. Bell for Defendant Robert P. McCulloch in his official capacity as Prosecution Attorney for St. Louis County [93] is **GRANTED**.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 5th day of February, 2019.